In re HOWARD F. STREEPER.

[Decided November 7th, 1921.]

1. A finding, in *habeas corpus* proceedings, that a person committed as insane is now sufficiently sane to render unjustifiable his further confinement in an institution, is not *res adjudicata* on an application to supersede the inquisition in lunacy; the issues in the two proceedings are different and distinct.

2. On an application to supersede an inquisition in lunacy, an order superseding the same will not be made as of course upon proof that the lunatic has been adjudged on *habeas corpus* proceedings sufficiently sane to be discharged from commitment.

3. On such an application proofs must be taken on the issue as to whether or not the lunatic is sufficiently restored to reason to be able to manage himself and his affairs.

On motion for order discharging guardian.

*Mr. Powell K. Martin* and *Messrs. Wescott & Weaver,* for the petitioner.

*Mr. John Boyd Avis,* for the respondent.

BUCHANAN, V. C.

The facts pertinent upon this motion are set forth in the memorandum filed in the *habeas corpus* case (*In re Streeper*), on motion for entry of special decree on *remittitur*. Petition

has now been filed in the lunacy commission proceedings, reciting the *habeas corpus* proceedings and the findings and decree therein, and motion is made upon the filing of such petition for an order discharging the guardian. Such motion must of course be denied.

As pointed out in the memorandum aforesaid in the *habeas corpus* case, a finding or adjudication that an insane person is no longer sufficiently insane to justify his confinement in an institution is in nowise a finding that he is sufficiently restored to reason to render a guardian no longer necessary. It is not *res adjudicata* on the issue involved in an application to supersede the inquisition.

The course which must be pursued to reach the end desired by petitioner is by application to supersede the inquisition. *In re Hannah, 76 N. J. Eq. 287.* If the present petition be deemed such an application, naturally an order will not be made without the taking of proofs on the question of petitioner's sanity as regards his ability to manage himself and his affairs.

The petition may, if necessary, be amended in that behalf, and the matter may be proceeded with further in the usual manner as prescribed by the rules and practice of this court.