JACK JACOBS, Claimant, *v.* THE STATE OF NEW YORK Defendant. (Claim No. 25559.)

Court of Claims, December 11, 1940.

*Henry Pearlman*, for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Martin P. O'Leary, Assistant Attorney-General*, of counsel], for the State of New York.

GREENBERG, J. This is a motion made by the State to dismiss the claim filed herein, upon the ground that the claim was not filed within the time provided for in section 10 of the Court of Claims Act.

The facts as they appear in the motion papers submitted herein are as follows:

By an order of the Supreme Court dated August 21, 1934, the claimant was adjudged insane and committed to the Central Islip State Hospital; by an order of the Supreme Court dated November 12, 1934, and granted upon the petition of the superintendent of the Central Islip State Hospital, claimant was adjudged an incompetent person and his wife was appointed as the committee of his estate and she duly qualified and acted as such committee; on August 11, 1936, claimant was transferred to the Pilgrim State Hospital at Brentwood, Long Island

By an order of the Supreme Court dated April 5, 1938, made in a habeas corpus proceeding instituted by claimant, it was therein provided as follows: (1) That claimant should be released from the Pilgrim State Hospital; (2) that claimant should attend a clinic conducted by the said hospital at least once a month for a period of one year; (3) that the superintendent of the said hospital might apply for an order directing the return of claimant to the hospital if subsequent investigation warranted such an application; (4) that claimant was declared sane; (5) that claimant was granted leave to apply for a cancellation of the conditions contained in this order after the expiration of one year. (*People ex rel. Jacobs* v. *Worthing*, 167 Misc. 702.)

On May 5, 1938, claimant was released and has since been free except that he did attend the clinic mentioned in the order.

By an order of the Supreme Court dated May 8, 1939, it was therein provided as follows: (1) The claimant was unconditionally released from the Pilgrim State Hospital; (2) the conditions contained in the order dated April 5, 1938, were entirely removed; (3) that claimant was declared sane, and that (4) claimant's committee was directed to account and to return his property to him.

By an order of the Supreme Court dated July 25, 1939, it was therein provided as follows: That claimant was declared competent and able to manage his own affairs and that claimant's committee was discharged from all duties as such committee except that she was directed to account for claimant's property in her possession and return the said property to him. (N. Y. L. J. July 3, 1939, p. 21.)

A notice of intention to file the claim herein was filed in the office of the clerk of the Court of Claims and the office of the

Attorney-General on August 21, 1939. On October 18, 1939, the claim herein was filed in the office of the clerk of the Court of Claims and on March 14, 1940, with the Attorney-General. The claim alleges substantially a cause of action for damages arising out of his false imprisonment during the period commencing August 21, 1934, and ending July 25, 1939.

A committee is appointed to take care of the person or property of one who is incompetent to manage himself or his affairs. (Civ. Prac. Act, § 1358; *Finch* v. *Goldstein*, 245 N. Y. 300.) The claimant was judicially declared incompetent to manage his affairs and a committee of his property was appointed by the order dated November 12, 1934. This order remained in effect until the order dated July 25, 1939, declared that claimant was competent to manage his affairs and discharged the committee. During the period of time intervening between the making of the said two orders claimant did not possess the legal capacity to sue or file the claim herein. Section 236 of the Civil Practice Act, in so far as it is herein relevant, provides as follows: " A party who is of full age may prosecute or defend a civil action in person or by attorney unless he has been judicially declared to be incompetent to manage his affairs." This section expressly precluded claimant from prosecuting the claim herein while he remained in the judicially declared condition of being incompetent to manage his own affairs. During this period claimant could sue through his committee only. (Civ. Prac. Act, § 1377; *Matter of Brown*, 131 Misc. 420.)

The order dated April 5, 1938, declaring claimant sane, did not remove claimant's legal incapacity to sue. It merely modified the order dated August 21, 1934, which adjudicated claimant insane. Until claimant was declared to be competent to manage his affairs, by the order dated July 25, 1939, he did not possess the capacity to sue because the order dated November 12, 1934, declared him to be incompetent to manage his affairs. The latter order referred to his incompetency to manage his affairs and was not affected in any manner by the order dated April 5, 1938, which referred only to claimant's sanity. In *Matter of Streeper* (93 N. J. Eq. 108; 115 A. 584) it was held that an adjudication that an insane person is no longer sufficiently insane to justify his confinement in an institution is not a finding that he is sufficiently restored to reason to render a guardian no longer necessary; it is not *res judicata* on the issue involved in an application to supersede the inquisition.

Section 236 of the Civil Practice Act must be applied according to its terms. It refers to a person judicially declared to be incompetent to manage his affairs; it makes no reference to a condition

of insanity. An insane person for whom no committee has been appointed controls his property (*Finch* v. *Goldstein, supra*) and has the legal capacity to sue. (*Williams* v. *Empire Woolen Co.,* 7 App. Div. 345; *Matter of Palestine,* 151 Misc. 100; *Chilford* v. *Central City Cold Storage Co., Inc.,* 166 id. 780.)

Until by permission of the court he is allowed to assume control of his property, a lunatic or a person of unsound mind cannot prosecute or defend a civil action in person or by attorney. Quoting from *Weinberg* v. *Weinberg* (255 App. Div. 366, 369): " ' All contracts of a lunatic, habitual drunkard or person of unsound mind, made after an inquisition and confirmation thereof, are absolutely void, until by permission of the court he is allowed to assume control of his property. * * * In such cases the lunacy record, as long as it remains in force, is conclusive evidence of incapacity ' (*Hughes* v. *Jones,* 116 N. Y. 67, 72, 73), and the same holds true after a committee has been appointed. (*Carter* v. *Beckwith,* 128 N. Y. 312, 316.) "

It is thus clear from the above authorities that regardless of the actual mental condition of claimant, he did not enjoy the capacity to sue until the order dated July 25, 1939, declared him competent to manage his affairs, and that by such order claimant's legal disability terminated.

The claim herein, having been properly filed within two years after July 25, 1939, when his legal disability ceased, the motion herein is denied. Submit order.