GIUSEPPE ROSSI, Plaintiff, *v.* PETER ROSSI, Defendant.

Supreme Court, Special Term, Bronx County, January 29, 1948.

*Mario J. Cusati* for plaintiff.

*Pottish, Roth, Lenley & Margolis* for defendant.

HOFSTADTER, J. The plaintiff was adjudged incompetent and committed to Central Islip State Hospital on September 19, 1927. A committee was appointed for his estate by order of this court dated November 22, 1927. After being paroled in the custody of his son for a period of one year, he was discharged from the hospital without any formal adjudication of competency.

Section 236 of the Civil Practice Act, insofar as is herein relevant, provides as follows: " A party who is of full age

may prosecute or defend a civil action in person or by attorney unless he has been judicially declared to be incompetent to manage his affairs.'' Under the authorities which have interpreted that section, the statute precludes plaintiff from prosecuting this action while he remains in the judicially declared status of being incompetent to manage his affairs.

Until, by permission of the court, he is allowed to assume control of his property, an incompetent cannot prosecute or defend a civil action in person or by attorney. In *Weinberg* v. *Weinberg* (255 App. Div. 366, 369) it was clearly enunciated: " ' All contracts of a lunatic, habitual drunkard or person of unsound mind, made after an inquisition and confirmation thereof, are absolutely void, *until by permission of the court he is allowed to assume control of his property.* * * * *In such cases the lunacy record, as long as it remains in force, is conclusive evidence of incapacity* ' (*Hughes* v. *Jones,* 116 N. Y. 67, 72, 73), and the same holds true after a committee has been appointed. (*Carter* v. *Beckwith,* 128 N. Y. 312, 316.)'' (Italics supplied.) (To the same effect, *Jacobs* v. *State of New York,* 175 Misc. 561.) It is clear, therefore, that regardless of the actual mental condition of the plaintiff at this trial, he does not enjoy the capacity to sue until the court formally declares him competent to manage his affairs.

Motion to dismiss the complaint upon the ground that the plaintiff is incompetent to sue is granted without prejudice to the institution of an action upon the judicial declaration that the plaintiff is competent. Settle judgment.