Alexander Del G-ior.no, J.
Claimant has moved for an examination before trial and inspection of hospital and medical records. The State of New York brings the instant cross motion for an order dismissing the claim, pursuant to section 10 of the Court of Claims Act, on the ground that the notice of claim was not filed within two years after the removal of the disability of claimant.
The claim is for damages alleged to have resulted from the unlawful detention of claimant at Pilgrim State Hospital. Claimant was admitted to the hospital on January 10, 1953. On September 18, 1955, she was released on convalescent care, and on September 29, 1956, she was discharged from convalescent care. She was determined by the director- of the hospital to be fully competent on March 7, 1957 and on or about April 29, 1957, she was judicially declared competent.
The claimant filed a notice of intention on July 17, 1957, which set forth the statements required by statute, and also enumerated as 11 items or injuries claimed to have been sustained, and the total sum ” claimed the following: ‘‘ unlawful incarceration; pain and suffering; abuse, physical brutality; loss of earnings, abuse of shock treatments, forced to wear straight jacket, forced to work, malnutrition causing teeth to decompose. The amount of damage sustained by claimant is Four hundred thousand ($400,000.00) Dollars ”.
At the time of the filing of the notice of intention and the claim, claimant was represented by Harold A. Edelman, Esq., now deceased. In a supporting affidavit, his widow states that in the early part of 1959, her husband was in ill health, his condition deteriorating until July 5, 1959, when he was hospitalized for an abdominal operation. In that month the widow was informed by doctors that her husband was suffering from an incurable disease and could not be expected to live beyond one year. Mr. Edelman during 1959 was unable to attend to his law practice properly. Further, in early 1959, his practice was interrupted by the receipt of a notice to vacate his office premises because the building was to be demolished to make way for new construction. Because he did not realize the nature of his malady, he intended to resume his practice after his expected recovery, and consequently made no arrangements to have his work handled by other attorneys. He died on July 1, 1960.
The claim itself, although more elaborate in form and content, embodied substantially the same allegations as had been set forth previously in the notice of intention, and demanded the same amount of damages. This was filed on July 17,1959. The State filed a statement of readiness on March 10, I960,
*994 State’s motion is predicated on “ Section 10 of the Court of Claims Act”. Subdivision 5 thereof, permitting filing of a claim, in the discretion of the court, within two years after accrual, upon showing reasonable excuse for failure to file the notice of intention, is inapplicable because it refers to a situation where a claimant has failed to file a claim or notice of intention within 90 days after accrual. Here, claimant filed a notice of intention.
The first question involved is whether the notice of intention was timely filed. Subdivision 3 of section 10 provides that a claim to recover damages for personal injuries shall be filed within 90 days after the accrual of the claim unless within such time claimant shall file a written notice of intention to file a claim, in which event the claim shall be filed within two years after accrual. The accrual date of the within claim ivas April 29, 1957, the date on which claimant was judicially declared competent and the date on which her legal disability ended. (Jacobs v. State of New York, 175 Misc. 561.) Hence the notice of intention, filed on July 17,1957, was timely filed.
The next question to be considered is the effect of the filing of the claim on July 17, 1959, more than two years after the accrual date. The claim differed from the notice of intention principally in that it set forth the alleged facts in greater detail than they had been stated in the notice of intention. The gravamen of the claim, the dates and the amount of damages sought were stated very much the same in both the claim and the notice of intention. Under all of the circumstances, the sourt considers that the notice of intention as filed contains all of the items required to be stated in a claim under the provisions of section 11 of the Court of Claims Act and constitutes substantial compliance with the said section so far as the contents of a claim are concerned. The court therefore will deem the so-called notice of intention as the claim itself. The court holds further that the so-called claim is in fact an amendment of the notice of intention which the court now holds to be the claim, and that the fact that it was filed slightly beyond the two-year period is of no consequence. Under subdivision 8 of section 9 of the Court of Claims Act the court has jurisdiction to amend any claim in furtherance of justice for any error in form or substance.
The motion of the State to dismiss the claim is denied. Submit order on five days’ notice of settlement.