Alexander Del Giorno, J.
This is a motion for an order permitting the late filing of a claim, pursuant to subdivision 5 of section 10 of the Court of Claims Act.
On December 25, 1959, an accident occurred on Route 9-W, Ha ver straw, New York, in which claimant’s intestate was killed. On July 6,1960, claimant was granted limited letters of administration by order of the Surrogate of the County of New York.
At the time of his being retained, the former attorney for the administrator was informed that decedent had been a passenger in an automobile which struck a concrete blockhouse on Route 9-W. He states that he was unaware that Route 9-W was a State highway, and at that time believed that a claim existed only against the deceased owner of the automobile. At a subsequent date he found that the present attorney for claimant represented most of the decedents and the three surviving persons in the car and that he had filed notices of claim against the State on their behalf. He thereupon retained the present attorney in November, 1960. The present attorney caused a notice of intention to be filed on behalf of claimant on November 18, 1960.
The prior claims filed by the present attorney were for three infants who died in the same accident, for three infants who were injured but survived, and for the father of the children. They were filed on March 16,1960. In addition, five adults also died in the accident. Local police investigations were made and there was considerable newspaper publicity because of the *236 nature and the result of the accident. Highway Department reports also were filed. Shortly after the accident, the State remarked the highway, posted signs and erected a guardrail. The State received a copy of the Motor Vehicle accident report which had been filed by the Police Department of Haverstraw.
The notice of intention which was filed on behalf of claimant alleged that the State was negligent in that it failed to keep the road in proper repair, failed to maintain the shoulder thereof in a reasonably safe condition and caused and permitted a concrete obstruction to remain on tire shoulder and on the State’s right of way of said Route 9-W, causing the death. In other respects, the notice of intention contained substantially all of the allegations required to be made in a claim.
The first question to be considered is whether claimant has presented a reasonable excuse for failure to file the notice of intention within 90 days after his appointment as administrator. Although the claimant’s original attorney might have been more diligent in making inquiries which would have revealed the possible liability of the State, nevertheless under the circumstances of this case, the court accepts his excuse as reasonable particularly in view of the abundant knowledge the State has of all the facts, circumstances and persons involved in that tragic accident. (See Farnham v. State of New York, 195 Misc. 380, affd. 277 App. Div. 1015; Matter of Lebensfeld v. State of New York, 14 Misc 2d 936.)
There is no contradiction of claimant’s statements that the State had immediate knowledge of the accident and that remedial steps were taken by the State on the highway shortly after the accident. Under the peculiar circumstances of this case the court finds that the State has not been prejudiced substantially by the short delay in the filing of the notice of intention.
Further, the notice of intention contained all of the essential allegations of the claim itself, except for its labelling, and the notice of intention therefore is entitled to be regarded as a notice of claim. (Chalmers & Son v. State of New York, 271 App. Div. 699, affd. 297 N. Y. 690; Matteo v. State of New York, 203 Misc. 523; Fraser v. State of New York, 26 Misc 2d 992.)
Accordingly, the court will deem the notice of intention as the claim itself and will permit the filing of the proposed claim as an amendment to the claim. (Fraser v. State of New York, supra.) Claimant’s attorney is directed to file the amended claim within 10 days from the service upon the Attorney-General of a copy of the order to be entered hereon with notice of entry.