THE PEOPLE OF THE STATE OF NEW YORK ex rel. IZZY PRESSER, Appellant, *v.* LEWIS E. LAWES, as Warden of Sing Sing Prison, Ossining, N. Y., Respondent.

Second Department, November 18, 1927.

**Crimes — commutation of sentence — Governor may revoke commutation at any time before prisoner is discharged — State Constitution, art. 4, § 5, and Prison Law, § 242, applied.**

The Governor may grant commutations, under the authority vested in him by section 5 of article 4 of the State Constitution and section 242 of the Prison Law, upon such conditions as he may impose, and he may revoke a commutation granted at any time prior to the actual discharge of the prisoner to whom it is granted.

Accordingly, the relator is not entitled to his freedom, since it appears that while the Governor commuted his sentence, the commutation was revoked prior to the time when the prisoner would have been entitled to discharge under the commutation.

APPEAL by the relator, Izzy Presser, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on or about the 1st day of June, 1927, dismissing the writ of habeas corpus herein and remanding the relator to the custody of the warden of Sing Sing Prison.

*Robert J. Boyle,* for the appellant.

*Henry C. Henderson, Deputy Assistant Attorney-General* [*Albert Ottinger, Attorney-General,* with him on the brief], for the respondent.

RICH, J. Relator was convicted of the crime of manslaughter, first degree, on August 10, 1915, and sentenced to imprisonment in State prison for the term of twelve years. He was received at Sing Sing Prison on or about August 23, 1915. It is undisputed that in April, 1926, the Prison Board, pursuant to the authority vested in it by the Prison Law (§ 236, as amd. by Laws of 1916, chap. 358, and Laws of 1923, chap. 508), duly recommended the allowance to relator of commutation and compensation, which recommendation was included in the report of the warden of the prison to the Governor, and fixed the date of the expiration of relator's term of imprisonment as May 29, 1926. The Governor adopted the recommendation and returned the report to the warden of the prison, but thereafter, and on May 12, 1926, and before any action was taken by the warden thereunder, he directed the warden to return the report for correction, and advised the warden

that his approval of the diminution of relator's sentence was revoked and disallowed. The Governor corrected the report by striking relator's name therefrom, and returned it to the warden on May 17, 1926. Relator, on May 12, 1927, procured a writ of habeas corpus, alleging that he was illegally detained in that his sentence had been commuted by the Governor to expire on May 29, 1926, and that, once having been granted, and received by the warden of the prison, it could not be revoked or annulled except for violation or breach of a condition thereof.

The evidence before us is meager and incomplete. There is some evidence that punishment for an escape was ordered but later canceled by the Superintendent of Prisons, who testified that the relator, after a trial for the escape, was acquitted. We have nothing to do with the question of escape, however, upon this application, or punishment therefor, as that question is not before us. The learned Special Term after the hearing dismissed the writ and remanded the relator to custody, and from the order entered thereon relator appeals.

The serious question presented is as to whether the Governor has authority to revoke a commutation once granted. Appellant contends that the Governor was without authority to revoke or recall the commutation granted to him after it had been delivered to the warden of the prison, and while it is said in his behalf that an examination of the authorities in this State discloses no case where the question presented by this appeal has been heretofore adjudicated, he cites numerous cases in other States which lend some support to his contention. We have examined these authorities, however, but are of the opinion that we are not bound by the rule they purport to enunciate.

The Governor, by the provisions of the Constitution (Art. 4, § 5), is vested with the power to grant reprieves and commutations after conviction, upon such conditions and with such restrictions and limitations as he may think proper, subject to such regulations as may be provided by law relative to the manner of applying for pardons. By statute (Prison Law, § 242, as amd. by Laws of 1916, chap. 358, and Laws of 1921, chap. 567; since amd. by Laws of 1926, chap. 736) he may in his discretion grant commutation in whole or in part, and the power to say to whom clemency shall be granted is vested exclusively in him. Having the power to grant commutation and to select those to whom it is to be extended, I think he may revoke a commutation, once granted, at any time prior to the actual discharge of the prisoner, which is exactly what has happened in the case at bar.

It follows that the order of the learned Special Term dismissing

the writ and remanding the relator to custody was properly made, and should be affirmed.

YOUNG, KAPPER and HAGARTY, JJ., concur.

The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Order dismissing writ and remanding relator to custody unanimously affirmed.