HOWARD A. WEBER, Respondent, *v.* STATE OF NEW YORK, Appellant. (Motion No. 934.)

Third Department, January 19, 1944.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Arthur W. Mattson* and *Harold S. Coyne, Assistant Attorneys-General,* of counsel), for appellant.

*Winston Spencer Ives,* attorney *(Arthur John Keeffe* of counsel), for claimant-respondent.

BLISS, J.  Claimant, a student at the New York State Agricultural and Technical Institute at Delhi, N. Y. in a class studying carpentry, fell from a scaffold and sustained serious injuries.  He claims that the scaffold was negligently constructed.  The accident occurred on October 22, 1941, and at that time claimant was nineteen years of age.  On February 22, 1943, claimant became twenty-one years of age and his claim to recover damages for his injuries was filed on June 14, 1943, when a motion was made for leave to file such claim in the Court of Claims.  This motion was based on two grounds — *first,* that claimant was an infant at the time of the accident and had until two years after reaching his majority in which to file such claim; and *second,* that claimant had a reasonable excuse for failure to file a claim or notice of intention to file a claim within ninety days of the accident because during all of that period and for some time thereafter he was in a hospital as the result of the accident.  The Court of Claims granted the motion permitting claimant to file his claim, basing its order upon the two-year period allowed after claimant reached his majority, and not passing upon the sufficiency of the excuse for failure to file the notice of intention.  In our view the claim was timely filed.

Subdivision 3 of section 10 of the Court of Claims Act provides that a claim to recover damages for such injuries as those sustained by claimant shall be filed within ninety days after the accrual of such claim, unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after the accrual of the claim.  Thus a claimant may obviate the necessity of filing the claim itself within the ninety-day period by filing the written notice of intention within such period.  Subdivision 5 of section 10 states that a claimant who fails to file a claim or notice of intention within the time limited (in this instance ninety days) may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof upon showing a reasonable excuse for the failure to file the notice of intention together with other pertinent facts.  This subdivision also

provides: " But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed ".

It is urged by the State that this last-quoted sentence does not eliminate the necessity of a claimant's filing the notice of intention within ninety days as mentioned in subdivision 3 of section 10. We find no reason for such an interpretation of the statute. To say that although a claimant was under legal disability, he still had to file a notice of intention within ninety days after the accident would be to read something into the statute which is not there and which would make it entirely meaningless. A tort claimant who is not under legal disability, or has no reasonable excuse for failure, must file his claim within ninety days. He may avoid this only by filing a notice of intention within that period in which event his time to file the claim itself is extended to two years after the accrual of the claim. But a claimant who is under legal disability is compelled only to present his claim within two years after the disability is removed. Infancy, along with incompetency, habitual drunkenness, and the like, are legal disabilities. Surely, it cannot be that the Legislature intended that an incompetent or an infant, who has two years after the removal of his disability within which to present a claim, must nevertheless file a notice of intention within ninety days after the accident and within a period during which such legal disability exists. That would be wholly unreasonable.

This claimant also had a reasonable excuse, although as shown above one was not necessary, for failure to file a notice of intention within the ninety-day period. He was confined to a hospital during all of that period which to us seems quite sufficient.

The order should be affirmed, with twenty-five dollars costs and disbursements.

HILL, P. J., HEFFERNAN and SCHENCK, JJ., concur.

Order affirmed, with twenty-five dollars costs and disbursements.