JOSEPH NASTASI, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 27825.)

Court of Claims, June 7, 1945.

*Nathaniel L. Goldstein,* Attorney-General (*Edward W. Bock* of counsel), for defendant.

*Albert Jakobson* for claimant.

LAMBIASE, J. This is a motion by the State of New York for an order dismissing claimant's notice of intention to file a claim, and dismissing claimant's claim as filed herein on the ground of claimant's failure to secure permission of this court to so file prior to the filing thereof.

The State contends that as a condition precedent, and preliminary to the filing of said intention to file a claim and to the filing of the claim itself, claimant should have addressed himself to and obtained from this court, permission so to do. This appears to be the only question involved on this motion.

The claimant herein was released from State prison on July 23, 1943, upon habeas corpus proceedings. His claim, as filed, is for false arrest and imprisonment, and illegal detention in prison. Claimant alleges, in substance, that he was detained in prison illegally on and after April 1, 1941, up until the date of his release; and he asks for damages for said illegal arrest, imprisonment and detention. Claimant's notice of intention to file a claim was filed August 11, 1944, and the claim itself was filed August 22, 1944.

The issue before us involves the consideration of section 10 of the Court of Claims Act (L. 1939, ch. 860) and particularly subdivisions 3 and 5 thereof. Subdivision 3 aforesaid provides that a claim to recover damages for injuries to property, or for personal injury caused by the tort of an officer or employee of the State while acting as such officer or employee, shall be filed within ninety days after the accrual of the claim, unless the claimant shall, within such time, file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim. Subdivision 5 thereof provides that a claimant who fails to file a claim or notice of intention as provided in the foregoing subdivisions of section 10 aforesaid, within the time limited therein (in this instance ninety days), for filing the notice of intention may, nevertheless, in the discretion of the court be permitted to file such claim at any time within two years after the accrual thereof; or in the case of a claim for wrongful death, within two years after the decedent's death, upon claimant's compliance with the provisions of said subdivision. Thus it may be seen that permission of the court under the provisions in question need be obtained only when claimant has failed to file a claim or notice of intention to file a claim as provided for by section 10 of the Court of Claims Act and within the time limited therein for filing the notice of intention to file a claim.

The last sentence of subdivision 5 provides as follows: " But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed."

Section 19 of article III of the New York State Constitution contains a provision in the identical language of the sentence last above quoted.

At the time of the accrual of claimant's alleged claim, claimant was under legal disability, inasmuch as he was and had been imprisoned in a State prison upon conviction of a criminal offense for a term less than for life, and in consequence of which, his civil rights were suspended during the term of the sentence. (Penal Law, § 510; Civ. Prac. Act, § 60, subd. 3.)

We are asked, now, by the State to hold that claimant, although a person who was under legal disability, was compelled, before filing his notice of intention to file a claim, or before filing any claim herein, to address himself to the court preliminarily to establish his status and legal disability and to obtain permission of the court to so file. We find no reason for such interpretation of the statute.

There are no degrees of legal disability under the statute. Either a person is under legal disability or he is not; and if he is, it is clearly the spirit and intention of the provision in question (subd. 5 aforesaid) to hold everything in abeyance until the disability is removed.

It has been held that a person under legal disability is not required to file the notice of intention as provided for in subdivision 3 of section 10 of the Court of Claims Act and that a claimant who is under legal disability is compelled only to present his claim within two years after the disability is removed. (*Weber* v. *State of New York*, 181 Misc. 44, affd. 267 App. Div. 325.)

Claimant herein, accordingly, was compelled only to present his claim within two years after legal disability was removed, that is to say, from the time he was discharged from State prison; and, therefore, if claimant has presented his claim within the two years aforesaid, there is nothing left upon which the court has to act by way of granting permission, and no permission is necessary. It appears that the State does not raise any question as to the presentation of the claim herein within the two years from the removal of the legal disability, for it is obvious that taking the earliest date possible, July 23, 1943, as the date of discharge, claimant would have until July 23, 1945, to present his claim under the statute. We are not, however, on this application determining whether July 23, 1943, or any

later date was the actual date of claimant's discharge from the State prison, since we do not deem it necessary to determine that question in the disposition of this motion. We have used the date, July 23, 1943, for our purposes since it is the earliest date from which the two years may possibly run under the circumstances herein.

We do not deem it necessary in view of our decision herein to pass upon and decide any of the other questions raised by the claimant in his answering affidavit filed herein and discussed at some length in his brief. We are of the opinion, therefore, that the motion of the State to dismiss claimant's notice of intention to file a claim and to dismiss the claim as filed herein should be denied, and we hereby deny the same.

An order may be submitted accordingly.