JOSEPH J. JONES, JR., Claimant, *v.* STATE OF NEW YORK, Defendant. (Motion No. 2748.)

Court of Claims, November 23, 1954.

*John J. Young* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Quentin E. Grant* of counsel), for defendant.

MAJOR, J. This is an application for an order permitting the above-named claimant to file a late claim for wrongful detention, in accordance with subdivision 5 of section 10 of the Court of Claims Act.

After a plea of guilty to grand larceny, first degree, the claimant was sentenced on October 7, 1947, by the Onondaga County Court to the Reception Center at Elmira, New York, for classification and confinement in accordance with the provisions of article 3-A of the Correction Law. The sentence did not specify a definite minimum or maximum term.

Claimant remained in custody from the date on which he pleaded guilty, on October 3, 1947, until May, 1952, when he was released on parole. In September, 1953, his parole was revoked. He was returned to Elmira Reformatory and was held in custody and confinement until May 24, 1954, when he was released upon a writ of habeas corpus granted by the Supreme Court. The court determined that the maximum term to be served was five years. The motion papers state that claimant was unlawfully held in confinement over the prescribed period, from October 3, 1952, until May 24, 1954. This is the period for which claimant seeks damages.

Claimant's detention in Elmira Reformatory until May 24, 1954, whether sentence was legal or not, placed him under a legal disability until released. Claimant's cause of action, if any, accrued while he was under such legal disability.

The claim of a person under legal disability may be presented within two years after such disability is removed. (Court of Claims Act, § 10, subd. 5, last sentence). Such a person is not required to file a notice of intention, but only to file his claim within two years after the disability is removed. (*Cawthorne v. State of New York*, 199 Misc. 1078, and cited cases.)

Under the circumstances shown in the moving papers, no permission of the court is necessary to file the proposed claim herein, and for that reason, the motion is denied.

Submit order accordingly.