Francis X. Conlon, J.
On this application claimant, an infant, seeks an order pursuant to section 50-e of the General Municipal Law, directing the City of New York to accept service of a late notice of claim for personal injuries.
On the date of the alleged accident the infant was over 14 years of age.
The infant’s rights in the instant matter are referrable to section 50-e of the General Municipal Law, which provides that the court in its discretion may grant leave to serve a notice of claim within a reasonable time after a 90-day period has expired, where, by reason of the disability of infancy, no claim has been timely served.
‘ ‘ There are three periods of infancy to be considered in this connection. As matter of law the strict requirements of the statute are not enforced against an immature infant of approximately ten years or less. They are enforced against an infant of riper years, of ordinary physical and mental capacity. Between these two periods lies a middle period where the infant may or may not be held to the provisions of the statute under the facts of the case as the jury may determine. No exact limitation of these periods by age can safely be made and the classification may depend to some extent on the facts in a given case, but it is the age and capacity of the infant rather than the conduct of its parents and guardians which control.” (Russo v. City of New York, 258 N. Y. 344, 348.)
The infant herein falls into the middle period of age classification referred to in the Russo case (supra).
In Biancoviso v. City of New York (285 App. Div. 320) the Appellate Division, Second Department, allowed an infant 13 years of age to file a late notice of claim. The court there stated that the statutory intent is that where the delay in filing *211 is reasonably attributable in any substantial degree to the fact of infancy, the courts might grant relief; and that any other construction “ ‘ is repugnant to the view that an infant is a ward of the court, and to the principle that the rights of an inmaturo infant shall not be forfeited because of the failure of some other party to act.’ ” (P.325.)
In Matter of Hogan v. City of Cohoes (279 App. Div. 282, 285) the court held that an infant 13 years of age has not the mental capacity to protect his or her rights, and allowed the filing of a late notice of claim.
This court is in accord with the views held in the cases cited, and holds that such views apply to the situation presented in the instant matter, in which the claim of a 14-year-old infant is involved.
Accordingly this application is granted. Settle order.