Bernard Ryan, P. J.
A printed document captioned “ State of New York, Court of Claims in the Matter of Prank Canizio, Petitioner v. The New York State Board of Parole and all commissioners in charge and associates thereof and the commissioner of correction, Respondents ” was filed with the clerk of this court on November 27, 1956 and given claim No. 34279. A copy of this document was filed with the Claims Bureau of the Department of Law on November 27, 1956.
Immediately below the caption is a statement which is partly in the form of a petition but which we interpret as an affidavit as it is entitled “ State of New Jersey, County of Ocean, SS ”, and bears the signature of the named petitioner and the signature of A. Edward Miller, a notary public of Ocean County, New Jersey, and the notary’s seal. We take it as a verification of so much of the document as appears above the signature. The date of the verification is November 26, 1956.
Immediately below this verification is another caption, viz., “ State of New York, Court of Claims, Prank Canizio against the State of New York ” and below that are allegations reciting that ‘‘ This claim is for false testimony which the Kings County Court Officials submitted to the United States Supreme Court and which kept our client twelve additional years in prison.” and other allegations relating to the confinement of the claimant. Damages totaling $1,000,000 are demanded.
The document then recites, and purports to incorporate verbatim, various petitions, orders and transcripts of court proceedings with a statement that ‘‘ your claimant respectfully requests that he be given immediate relief by this Honorable Court as he is now destitute and seriously ill because of the punishment and false arrest by the People of the State of New York which caused him to serve 23 years illegally in prison.” No completed affidavit of verification is attached. The document is subscribed by the claimant. The affidavit of verification, a printed form, is not subscribed by the claimant. In the space provided for his signature there appears the signature of A. Edward Miller and below it the letters N P N J. The space for a date is filled in, viz., 26 day of Nov. 1956.
*945 The verification is defective. The remedy for a defective verification is prescribed by section 253 of the Civil Practice Act. Since the provision of the statute was not availed of, objection has been waived. (Grant v. State of New York, 192 Misc. 45; Matter of Smith v. Board of Stds. & Appeals, 2 A D 2d 67; Melesky v. State of New York, 2 Misc 2d 690; Worden v. State of New York, 2 Misc 2d 955.)
When this claim came on for trial the assistant attorney-general appearing for the State of New York moved to dismiss the claim on the ground that it was not timely filed, on the further ground that it failed to state a cause of action against the State of New York and on the third ground that the State “ is not even named in this claim.” With respect to the third ground the court pointedly asked the assistant attorney-general if he appeared generally or specially for the purpose of raising the jurisdictional question, viz., that the State of New York had not been mentioned in this proceeding. Counsel finally said: “We are dealing here with a rather unusual situation. We have a claimant here appearing in person and I don’t wish to raise any real technical objections that perhaps he might be unfamiliar with ’ ’.
The court reserved decision on the motion. At this time the motion is denied for the following reasons: (1) We believe that there can be spelled out from the document the pleading of a cause of action for imprisonment beyond the term of sentence. (2) Although only the first part of the pleading seems to be correctly verified, and that verification was taken out of the State and no certificate of authority of the notary public is attached, the second part of the document does recite the State of New York as a defendant. The defective verification of the second part of the pleading having been waived the motion for dismissal for lack of jurisdiction is denied. (3) As to the timely filing of the claim the record discloses that claimant has been free since December 10, 1954. The prevailing interpretation of subdivision 5 of section 10 of the Court of Claims Act is to the effect that a claimant under a legal disability has two years after the legal disability is removed in" which to file his claim. (Nastasi v. State of New York, 185 Misc. 91; Cawthorne v. State of New York, 199 Misc. 1078; Blatnicky v. State of New York, 206 Misc. 787; Jones v. State of New York, 206 Misc. 788.) This claim was filed November 27, 1956 which was within two years of December 10, 1954.
To proceed to the issues presented. The background of this claim is reported in Canizio v. New York (327 U. S. 82, rehearing denied 327 U. S. 816) and also in People v. Canizio (282 App. *946 Div. 955). Supplementing those reports the records of the State Department of Correction, a transcript of which was received in evidence, disclose that claimant’s original sentence of 15 to 30 years was reduced by law to 10 to 30 years under chapter 510 of the Laws of 1933. They also disclose a history of escapes from State prisons, sentencing for such escapes, vacating of certain sentences and resentencing. Ultimately, and on December 10, 1954, at a term of County Court held in and for Kings County, the Honorable Carmine J. Marasco, County Judge presiding, judgment was entered directing that “ Frank Canizio for the felony aforesaid whereof he is convicted be imprisoned for the term of time served less one (1) day. Defendant discharged forthwith.” The felony aforesaid was the crime of robbery, first degree, unarmed, pursuant to the original sentence of June 19, 1931. (See People v. Canizio, supra.) Thus there is a valid judgment of conviction outstanding against Frank Canizio which bars recovery against the State of New York. (Roberts v. State of New York, 30 App. Div. 106, affd. 160 N. Y. 217; Douglas v. State of New York, 269 App. Div. 521; Mrzena v. State of New York, 271 App. Div. 758, motion for leave to appeal denied 296 N. Y. 1059.) Canizio has no claim for an erroneous conviction. (Court of Claims Act, § 9, subd. 3-a.) He has not received a pardon from the Governor stating that such pardon is issued on the ground of innocence of the crime for which he was sentenced. If any errors were made by the County Court of Kings County the State of New York is not liable for them. (Jameison v. State of New York, 4 Misc 2d 326.) So long as the judgments of conviction were valid on their face the arresting officers and the confining authorities were under a duty to comply with them. (Nastasi v. State of New York, 275 App. Div. 524, affd. 300 N. Y. 473.)
Claimant complains that he was not allowed commutation of sentence and compensation pursuant to article 9 of the Correction Law. He presents no proof that the Governor or the prison board set aside a reduction of his sentence for good conduct while in prison. He merely asserts that he was entitled to it. He has no vested interest therein. (People ex rel. Depew v. New York State Bd. of Parole, 187 Misc. 640, wherein Mr. Justice Deyo reviewed the applicable statutes.) A prisoner does not receive credit for good conduct as a matter of course but the allowance of such credit is discretionary. (Correction Law, § 230; People ex rel. Schussler v. Denno, 143 N. Y. S. 2d 690.) And Canizio overlooks section 237 of the Correction Law which provides for the forfeiture of a reduction of sentence *947 if a prisoner escapes or attempts to escape. It was long ago held that the Governor may revoke a commutation, once granted, at any time prior to the actual discharge of the prisoner. (People ex rel. Presser v. Lawes, 221 App. Div. 692.) Moreover, an administrative determination that a prisoner shall forfeit time as punishment for infractions against prison discipline is a judicial function and, if done according to law, is not reviewable by habeas corpus. (People ex rel. Scarola v. Jackson, 276 App. Div. 939.)
On the point of having been denied commutation and compensation claimant has not established a cause of action. Nor has he otherwise produced any evidence upon which an assessment of damages could be made, assuming, for the moment, that recovery herein was not barred by the judgment of conviction already cited. Canizio appeared in person before this court, was sworn, and was afforded great leeway in the presentation of his case. His testimony brought out few facts. It consisted chiefly of a rambling and, at times, incoherent tirade. No other witnesses were called. There was presented no proof of loss of earnings, no proof of expenses incurred for counsel fees for the several court proceedings, no proof of expenses incurred for medical treatment.
To conclude: The judgment of the Kings County Court entered December 10, 1954, is a bar to any recovery herein. Secondly, if that judgment was not a bar the claimant has not established that his original incarceration was under a conviction void on its face nor has he proven that he was held beyond the maximum time for which he could be held. Thirdly, claimant has not established facts with respect to commutation and compensation. But in any event his complaints with respect to the actions of the parole board and the prison officials are not reviewable by the courts and cannot be made the basis of a claim in this court. Finally, there is a valid judgment of conviction against claimant and he has been sentenced by a court of competent jurisdiction to the time he actually served. So long as that judgment of conviction stands claimant has no cause of action against the State of New York for the acts of its officers and employees.
The court directs judgment dismissing the claim upon all of the foregoing grounds.