Charles Lambíase, J.
Although the title of the notice of motion and supporting affidavit does not indicate it, this is an application by the infant above named by his guardian ad litem pursuant to subdivision 5 of section 10 of the Court of Claims Act for an order permitting said infant to file a claim against the State of New York, and for such other and further relief as to the court may seem just and proper in the premises.
It is set forth in the moving papers, of which a proposed verified claim is a part, that the infant was injured on April 22, 1956 while at the Syracuse State School, a State institution controlled, operated, maintained and supervised by the Department of Mental Hygiene of the State of New York, the infant having been admitted to said institution upon an order dated May 7, 1945 of Judge Willard Huff of Seneca County, New York; that said injury resulted by reason of the alleged negligence of the State of New York, its officers, agents, and employees in connection with the supervision of the infant and other infants at said Syracuse State School; that the guardian ad litem herein was appointed by an order of Honorable Charles T. Major, a Judge of this court, on the 18th day of February, 1958; and that at the time of the making of this application said infant was still in said school. There are contained in the moving papers other averments purporting to meet the requirements of the section first above mentioned.
The State of New York has not served or submitted any answering affidavits. It appeared upon the return date of the *780 . motion, made no oral argument, and submitted the matter to the court upon claimant’s papers.
Court of Claims Act (§ 10, subd. 3) provides that: “ 3. A claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.” Subdivision 5 thereof provides that a claimant who fails to file a claim or notice of intention, as provided in the subdivisions of section 10 aforesaid, within the time limited therein (in this instance 90 days) for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent’s death upon claimant’s compliance with the provisions of said subdivision. The last sentence of said subdivision 5 provides as follows: “ But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.” New York State Constitution (art. Ill, § 19) contains a provision in the identical language of the sentence last above quoted.
At the time of the accrual of the infant’s alleged cause of action on April 22, 1956, the infant was under a legal disability inasmuch as he was an infant. (Civ. Prac. Act, § 60, subd. 1.) ‘1 But a claimant who is under legal disability is compelled only to present his claim within two years after the disability is removed. Infancy, along with incompetency, habitual drunkenness, and the like, are legal disabilities.” (Weber v. State of New York, 267 App. Div. 325, 327.)
The infant claimant accordingly is compelled only to present his claim within two years after his legal disability is removed. Since it is stated in the papers before us that the infant is 19 years of age, his time within which to file has not even commenced to run let alone expired. There is nothing before us, therefore, which requires the granting of permission for no permission is necessary under the circumstances. We have heretofore had occasion to thus hold in Nastasi v. State of New York (185 Misc. 91) and in Cawthorne v. State of New York (199 Misc. 1078), in each of which case there was a disability involved although not arising from infancy.
We are not unaware that in Weber v. State of New York (supra) and in Benson v. State of New York (183 Misc. 972) an *781 order granting permission to file was granted where an application similar to the instant one was made during the two-year period following the termination of disability. Examination of said cases, in our opinion, discloses that they do not militate against our conclusion herein.
No permission being required, the motion is denied.
Submit order accordingly.