Joseph A. Gavagan, J.
Motion by an infant plaintiff, by his guardian ad litem, for permission to file a notice of claim after the prescribed time. In opposition, the City of New York urges that this court has no jurisdiction since the alleged cause of action accrued in Kings County.
Subdivision 5 of section 50-e of the General Municipal Law states that the application shall be made returnable at a Trial or 'Special Term of the Supreme Court in the county where an action on the claim could properly be brought for trial.
Section 182-b of the Civil Practice Act states that all actions wherein the City of New York is made a party defendant shall be tried in that county within the City of New York in which the cause of action arose, or in the County of New York. Therefore, this court holds that it has jurisdiction to entertain the motion.
The proposed action is for libel and/or slander on statements allegedly made on or before August 2,1959. The cause of action, if any, therefore arose on or before August 2, 1959.
The petitioner urges that he is an infant of 15 years of age and that from August 1, 1959 until August 28, 1959 he was confined to jail; that he was released from jail under bail from August 28 to September 10, 1959; was again confined to jail from September 10 to October 26, 1959 at which time he was acquitted of the charge preferred against him. That an attorney was consulted and retained on January 14, 1960.
No claim has been filed with the City of New York.
The 90-day period has tolled under section 50-e of the General Municipal Law. Unless claimant comes within the scope of subdivision 5 of said section, relief cannot be granted.
In Pascucci v. County of Nassau (8 Misc 2d 229) the court held that it has never been the law of this State that those under *96 a legal disability are excused from failing to file notices of claim against municipalities within the statutory time where such filing is a condition precedent to liability of the municipality. Imprisonment, -per se, has not been accorded any recognition as a ground for failing to file required notices of claim within the requisite time.
Infancy itself is not sufficient to authorize the enlargement of the 90-day period. Before the discretionary power to enlarge should be invoked on the ground of infancy, there should be a cognizable relation between the fact of infancy and the failure to file within the short statutory limitation (Schnee v. City of New York, 285 App. Div. 1130, affd. 1 N Y 2d 697). The infant herein is 15 years of age. As stated in Matter of Marino v. City of New York (3 Misc 2d 210), between the immature years and the riper years of an infant lies a middle period where the infant may or may not be held to the provisions of the statute. No exact limitation of these periods by age can safely be made, but it is the age and capacity of the infant rather than the conduct of the parents or guardians which controls.
Upon all the facts and circumstances as revealed by the papers submitted hereon and in view of the serious nature of the charge under which the infant was confined and the attending emotional condition under which he was placed by virtue of the indictment, the court is of the view that the infant 15 years of age did not have the mental capacity to protect his rights. Therefore, in the sound discretion of the court, the application is granted. Settle order.