Dorothea E. Donaldson, J.
This claim for damages to claimant’s village disposal plant is predicated upon the alleged negligence of the defendant in the manner of the relocation of Route 9, the reconstruction of Riverside Drive and the building of a new highway in the Village of Croton-on-Hudson between September 1 and October 5, 1961.
Claimant is a municipal corporation which maintains a sewage disposal and sewage treatment plant in the Village of Crotonon-Hudson abutting the new roadway known as the relocated Route 9 or State Highway No. 1207. A portion of the highway *1093 construction work was performed by the Rusciano-Del Balso Construction Corporation. Pile-driving operations were conducted by the Raymond Concrete Pile Company. Claimant contended that either the excavation of a portion of the bank which was appropriated by the State from claimant’s land surrounding the sewage disposal plant or the pile-driving operation Avas performed in a manner that caused or precipitated cracks within the primary digester wall and the valve chamber wall in the plant. No competent proof has been submitted to shoAV that either or both of these operations were performed without the exercise of reasonable care which would foreseeably result in damage. Claimant has failed to submit proof that the contract between the defendant, the State of New York, and the contractors contained any design, plan or direction which would constitute negligence or would have been the source for claimant’s complaint. No expert testimony was produced to show that the defendant, individually or through its employees, officers or agents, was negligent in the supervision or control of the construction work on the new highway or of the pile driving.
Claimant submitted bills to show that payment was made for work done to repair the sewage treatment plant, particularly concrete work on the primary digester and retaining wall. No proof of causal relationship between the expenses incurred and the construction or pile driving was supported by the testimony. Mere conjecture that the cracks, that were found on September 8, 1961 and thereafter, were possibly caused by some type of construction performed on the reconstruction of Route 9 or by the pile driving is not competent to support claimant’s burden of proof.
Claimant further maintained that a representative of the defendant, the State of New York, was notified that cracks had occurred and were in existence in the sewage treatment plant and that no action was performed by the State in protecting the plant from further damage. It maintained that once notice was given to the State a duty arose on the part of the State to protect the village and that failure of the State to so perform created a sufficient causality to show a relationship between either the construction of reconstructed Route 9 or the pile driving and the damage to the sewage treatment plant. While the State has a responsibility to exercise due care, it will not be answerable unless it is established that the injury to property of another resulted from want of proper care and skill. (Radcliffe's Executors v. Mayor, 4 N. Y. 195.) Mere notice of alleged damage cannot be construed as enlarging the State’s *1094 cluty of care or of creating other and further duties. Nor pan such notice standing atone be regarded as a substitute for proof of causation.
While the defendant proffered a protective motion that the Court of Claims did not have jurisdiction of this claim due to the failure to file either a notice of intention to file a claim or the claim itself within 90 days as required by subdivision 3 of section 10 of the Court of Claims Act, adequate proof has keen submitted to show that the notice of intention to file claim was timely filed within the 90-day period. In the exercise of its discretion the court finds and holds that the notice of intention to file claim constitutes the claim of the claimant because the notice contained all the essentials required by the Court of Claims Act for a claim. The defendant, having received the notice of intention, has not been prejudiced.
The claimant has failed to sustain the burden of proof required to establish negligent acts by the defendant and has failed to establish a prima facie case,
Motions to dismiss the claim inade by the defendant at the close of claimant’s proof, upon which decision was reserved, are now granted. Those exhibits received subject to connection, since no connection has been shown, are now refused and stricken from the evidence. The claim must be, and hereby is, dismissed.