Hewry W. Lengyel, J.
This is a motion for permission to 'file late claims. The motion was initially returnable on December 17,1968, and after adjournments was heard on January 21,1969.
The claims herein arose out of an accident which occurred on October 12,1965, when a structure, allegedly owned by the State of New York, collapsed and allegedly buried the infant claimant in the resulting rubble.
A notice of intention to file a claim, on behalf of the infant and the derivative claim of the parent, was duly filed on the 10th day of January, 1966. However, a notice of claim was not filed within two years of the accrual date of October 12, 1965. (See Court of Claims Act, § 10, subd. 3.)
The attorney of record duly filed the notice of intention and then engaged trial counsel to prepare the notice of claim and prosecute these matters through to conclusion. Said trial counsel was not the attorney of counsel in this motion. The excuse for not properly filing a notice of claim was that the original *825 trial counsel had mislaid the file during an office move. Said counsel also had another McCabe case against the State of New York in his office. He stated in his affidavit that he had confused the two claims and did not realize he had not filed the instant McCabe notice of claim. We do not consider that reasonable excuses have been presented for an approximately 14-month delay in the filing of this notice of claim. (See Hall v. State of New York, 28 A D 2d 1034; Fenimore v. State of New York, 28 A D 2d 626; Travelers Fire Ins. Co. v. State of New York, 275 App. Div. 737; Schroeder v. State of New York, 252 App. Div. 16, affd. 276 N. Y. 627.) We do not find that Conti v. State of New York (277 App. Div. 955) is, on the fact situation presented herein, controlling.
Having determined that a reasonable excuse was not presented sufficient to permit us, in our 'discretion, to allow these late filings (see Court of Claims Act, § 10, subd. 5), we must, in the interests of justice, now determine whether there are other legally justifiable reasons which will permit us to grant these claimants their day in court.
We have examined the duly filed notice of intention to ascertain if such could be considered a notice of claim. Section 11 of the Court of Claims Act requires that the claim state: (1) the time and place where such claim arose; (2) the nature of the claim; (3) the items of damage or injuries claimed to have been sustained; and, (4) the total sum claimed. The filed notice of intention specifically complied with items 1 and 2 above and in general language complied with item 3. Item 4 was not set forth in said notice of intention.
It was stated in Chalmers & Son v. State of New York (271 App. Div. 699, 701, affd. without opn. 297 N. Y. 690):
‘ ‘ The sole question before us is whether the paper which claimant filed constitutes a claim. The mere fact that it bears the baptismal name of a notice of intention to file a claim is not conclusive. * * *
“ The sufficiency of a claim is to be tested by the provisions and purpose of the statute. The object of the statute should be kept in mind and it should not be given a construction that will defeat the ends of justice. * * *
“ The purpose of the provision Requiring the presentation of a notice of intention to file a claim or the claim itself against the State as a condition precedent to the institution of a suit for damages was not to hamper and harass the claimant but to give the officers of the State prompt notice of the damages or injuries and the surrounding circumstances in order that the matter might be investigated and the State’s liability determined.”
*826 Admittedly, in the Chalmers case, the notice of intention complied with the above four requirements of a notice of claim. Whereas, in the instant claims, the total sum claimed was not set forth. However, we do not believe such is a fatal defect to a finding that this notice of intention was actually a notice of claim. In our years on this court, and in the practice of law prior to those years, we noticed that in many instances any relationship between the amount sued for and practicality could be somewhat illusory. In any event, the total sum claimed can have absolutely no bearing upon the fact of the State’s knowledge and investigation or the quality of that investigation. The State was not deceived or misled and its rights have not been prejudiced. It would be abhorrent to our sense of justice to dismiss these claims and not grant these claimants their full day in court. We, therefore, find that the notice of intention to file a claim, which was filed on January 10, 1966, was actually a filing of a notice of claim. The proposed claim attached to the moving papers herein shall be considered an amendment of the claim herein. (See Cardo v. New York Thruway Auth., Claim No. 43533, Motion M-8777, unreported, dated Jan. 18, 1966; Village of Croton-on-Hudson v. State of New York, 48 Misc 2d 1092; Fraser v. State of New York, 26 Misc 2d 992.) An original and 12 copies of the said amended claim shall be filed with the Clerk of the Court of Claims and copy served upon the Attorney-General within 20 days from the date of the order herein.
If we had not considered the duly filed notice of intention to file a claim as the notice of claim, the claim of the parent McCabe would, of course, have been dismissed. However, we would then have been faced with a different situation in respect to the infant McCabe. Under the Constitution (art. Ill, § 19, last sentence) it is provided, in relation to claims against the State, that: “ if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.” The last sentence of subdivision 5 of section 10 of the Court of Claims Act is a verbatim reiteration of the above constitutional provision. Infancy, of course, is a legal disability. (CPLR 208.)
It would create an anomalous situation if we were to hold that, if a notice of intention had not been filed on behalf of this 13-year-old infant, a claim could be filed within two years after he attained his majority, but, that, where a notice of intention was filed on his behalf, he could not now file a claim because some third party neglected to file a claim on his behalf within two years after his claim accrued. As stated in Murphy v. Village of Fort Edward (213 N. Y. 397, 403): “It cannot, how *827 ever, be justly held, we think, that rights accorded by the law to infants are forfeited because a parent did not perform for an infant where performance was excused because of the infancy.”
A claimant who is under a legal disability is not required, to file a notice of intention within 90 days of the accrual of his cause of action. As stated in Weber v. State of New York (267 App. Div. 325, 327): “To say that although a claimant was under legal disability, he still had to file a notice of intention within ninety days after the accident would be to read something into the statute which is not there and which would make it entirely meaningless * * * a claimant who is under legal disability is compelled only to present his claim within two years after the disability is removed. Infancy, along with incompetency, habitual drunkenness, and the like, are legal disabilities. ’’ (See, also, Davis v. State of New York, 28 AD 2d 609; Ne Jame v. State of New York, 20 Misc 2d 820; Doty v. State of New York, 11 Misc 2d 779.)
The State has strongly urged that cases construing the disability provisions of subdivision 5 of section 50-e of the General Municipal Law should be controlling in the existing fact situation. (See Jefferson v. New York City Mousing Auth., 24 A D 2d 943; Matter of Shankman v. New York City Mousing Auth., 21 A D 2d 968, affd. without opn. 16 N Y 2d 500; Matter of Goglas v. New York City Mousing Auth., 13 A D 2d 939, affd. without opn. 11 N Y 2d 680.) We disagree. Said section 50-e makes serving a notice of claim within 90 days a condition precedent to the commencement of a tort action. Such is true whether or not the claimant is under a disability. The statute then grants a claimant, who is under a disability, the right to apply, within one year after his claim arose, to the courts for relief from the 90-day time limit. Such relief may be granted on a discretionary basis. This restrictive statutory provision is a far cry from the liberal constitutional right granted a claimant against the State of New York, when said claimant is under a disability on the date that his claim accrued. That claimant is only required to present his claim within two years after his disability is removed. We consider the filing of a notice of intention in an infant’s claim to be an unnecessary gesture. We do not consider that such filing is an election which serves to remove his disability. The narrow construction urged by the State, which would cause the rights of an immature infant to be forfeited because of the failure of some third party to act, is repugnant to our sense of justice, especially when considered in the light of the fact that an infant is a ward of the court. *828 However, once a claim is duly filed, either on the infant’s behalf or by him within two years after he has attained majority, then the jurisdiction of this court fully attaches to said claim and the protection of the disability has been removed. (See Frehe v. Schildwachter, 263 App. Div. 379, affd. 289 N. Y. 250.)
Interestingly, if we had not found foir the motion herein, we would have denied the motion in all respects. As to the parent McCabe, such ruling would have terminated his claim against the State. However, the basis for such a ruling against the infant McCabe would have been that the motion was unnecessary. (See Ne Jame v. State of New York, supra, and Doty v. State of New York, supra.) Motion granted.