■ ALBERT FERRUCCI, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 53191.) — Appeal from two orders of the Court of Claims, entered January 28, 1971, which granted claimant's motion for leave to file a late claim and denied the State's cross motion for an order dismissing the claim. Claimant's cause of action for alleged false imprisonment and involuntary

servitude became complete when he was officially discharged from convalescent status on December 12, 1969. On November 27, 1970 he served a notice of motion for an order permitting him to file a claim against the State. Since claimant was under no legal disability when his claim became complete, he does not qualify for the special Statute of Limitations provided for by the last sentence of subdivision 5 of section 10 of the Court of Claims Act. His reasons for failing to file are inadequate (see *Boland* v. *State of New York*, 35 A D 2d 855). In view of this determination it is unnecessary to consider the other issue raised by the claimant. Order reversed, on the law and the facts, motion for leave to file a late claim denied, and claim dismissed, without costs. Reynolds, Greenblott, Cooke and Sweeney, JJ., concur; Herlihy, P. J., dissents and votes to affirm in the following memorandum: The rule we established in *Boland* v. *State of New York* (35 A D 2d 855) is too drastic and should be modified. In retrospect it appears too harsh to require that a person confined for many years to a mental institution, upon re-entering a society foreign to him, should be required to file a claim within the 90-day period in order to protect his right to sue. In the present circumstances a two-year requirement should be applicable. If the fact that a claimant confined to a hospital with serious injuries constitutes a reasonable excuse for a failure to file notice within the 90-day period, certainly a claimant who has been removed from society for more than a quarter of a century, in the court's discretion, merits the same consideration. It is unreasonable to charge such a person "with knowledge of the filing requirements, and she could have filed a claim herself". (See *Boland* v. *State of New York, supra*.) Whether the claim has merit is not before the court. It appears to me that the affidavit of the claimant in support of the motion justified the exercise of discretion by the Court of Claims and this court should not interfere. I cull from the affidavit the following: "After my release I was mentally and physically exhausted and unable to truly cope with my new freedom. I was completely overwhelmed by the change from a pre-World War II world to the world of today. I could only look at first to my own survival in a world that was completely foreign to me." There is a legal reason for affirming. With reference to section 10 of the Court of Claims Act, subdivision 5 thereof operates independently of subdivision 3 and, accordingly, claims may be filed within two years after the disability terminates. Thus, there is no need to move for permission to file a late claim. (See *Weber* v. *State of New York*, 267 App. Div. 325; *Canizio* v. *State of New York*, 8 Misc 2d 943; *Emanuele* v. *State of New York*, 43 Misc 2d 135.) Here, the motion for leave to file a late claim was made within two years of the discharge from convalescent status, and such a motion has been treated as the filing of a claim (*Emanuele* v. *State of New York, supra*). It should be further noted that the orders of the Court of Claims, to be technically correct, should state the motion was granted in the exercise of the court's discretion and set forth the reasons for granting the said orders. I would affirm the orders of the Court of Claims.