CURTISS CRAWFORD, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 51362.)

Fourth Department, December 9, 1971.

*Condon, Klocke, Ange & Gervase* (*Joseph F. Gervase, Jr.,* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Gearon J. Kimball* and *Ruth Kessler Toch* of counsel), for respondent.

MARSH, J. P. This is an appeal from an order of the Court of Claims, COOKE, J., which dismissed claimant's claim on motion of respondent for failure to file a timely notice of claim pursuant to section 10 of the Court of Claims Act.

The claimant's notice of claim states that on September 30, 1968 he was injured due to the negligence of correctional officials at Attica State Prison. On such date he was an inmate of Attica Prison. The injuries arose from the collapse of an excavation being made into the side of a hill on prison grounds. The claim was not filed with the Court of Claims and the Attorney-General's office until August 14, 1969. Claimant was released on parole on January 5, 1969. The Attorney-General moved to dismiss the claim when it came on for trial upon the ground that a notice of intention to file a claim had not been given to the Court of Claims and the Attorney-General's office. On the motion the court took the position that eight months had elapsed between the time claimant was released from prison and the time the claim was filed and that a notice of intention should have been filed within 90 days following his release from prison and the removal of the claimant's legal disability under section 79 of the Civil Rights Law.

Such a requirement cannot be read into the statute.

Section 10 of the Court of Claims Act provides: '' Time of filing claims and notices of intention to file claims. *  *  *

'' 3. A claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim. *  *  *

'' 5. *  *  * But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.''

In *Weber* v. *State of New York* (267 App. Div. 325), claimant was a student at the New York State Agricultural and Technical Institute when he fell from a scaffold, sustaining certain injuries claimed to have resulted from the negligently constructed scaffold. The accident occurred on October 22, 1941. On February 22, 1943 claimant became 21 years of age and filed his claim for injuries on June 14, 1943. In construing section 10 of the Court of Claims Act, the court held that if claimant was under a legal disability at the time of the accident he needed only to file a notice of claim within two years subsequent to the removal of the legal disability and that under such circumstances there was no requirement of filing a notice of intention to file a claim. In its opinion, the court after quoting the last sentence of subdivision 5 of section 10 of the Court of Claims Act stated (p. 327): "It is urged by the State that this last-quoted sentence does not eliminate the necessity of a claimant's filing the notice of intention within ninety days as mentioned in subdivision 3 of section 10. We find no reason for such an interpretation of the statute. To say that although a claimant was under legal disability, he still had to file a notice of intention within ninety days after the accident would be to read something into the statute which is not there and which would make it entirely meaningless. A tort claimant who is not under legal disability, or has no reasonable excuse for failure, must file his claim within ninety days. He may avoid this only by filing a notice of intention within that period in which event his time to file the claim itself is extended to two years after the accrual of the claim. But a claimant who is under legal disability is compelled only to present his claim within two years after the disability is removed."

The interpretation of section 10 of the Court of Claims Act in *Weber* has been uniformly applied in Court of Claims cases relating to prisoners whose civil rights have been suspended under section 79 of the Civil Rights Law. Such cases have held that persons under such legal disability are not required to file the notice of intention as provided in subdivision 3 of section 10 of the Court of Claims Act and are compelled only to present a claim within two years after removal of legal disability (see *Canizio* v. *State of New York*, 8 Misc 2d 943; *Jones* v. *State of New York*, 206 Misc. 788; *Nastasi* v. *State of New York*, 185 Misc. 91).

Respondent's argument that claimant was not at any time legally disabled from filing a notice of intention is completely irrelevant because the only legal effect of the filing of a notice of intention to file a claim, under the language of the statute, is

to extend the time to file a claim, when there is no disability, from 90 days to 2 years. No similar requirement is set forth in subdivision 5 of section 10 of the Court of Claims Act which provides, as to persons under a legal disability, a two-year period after legal disability is removed in which to present a claim.

The judgment appealed from should be reversed and the claim reinstated, with costs.

WITMER, GABRIELLI, MOULE and CARDAMONE, JJ., concur.

Judgment unanimously reversed on the law and facts, with costs, and claim reinstated.