Arnold **KEATON**, Plaintiff,

v.

John **KENNEDY**, et al., Defendants.

No. 71–C–1497.

United States District Court,
E. D. New York.

Oct. 2, 1973.

Michael Meltsner, New York City, for plaintiff.

Norman Redlich, Corp. Counsel for the City of New York, New York City, for defendants; George Weiler, New York City, of counsel.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

This civil rights action was brought pro se by a prisoner against officials in the Correction Department of the City of New York, in their individual capacities, for damages alleged to have been received in a beating following the 1971 jail riot in the Queens Men's House of Detention. After counsel undertook responsibility for prosecution, plaintiff moved to add the City of New York as an additional party defendant. He hoped that the forthcoming decision by the Supreme Court in District of Columbia v. Carter, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973) would favor the position that Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) did not apply where, as in New York State, there was a waiver of sovereign immunity. This hope proved vain. *See also* Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

Subsequently, the Second Circuit, in Gonzalez v. Doe, 476 F.2d 680 (2d Cir.

1973) flatly held that there was no jurisdiction under the Civil Rights Act over a municipality. While acknowledging the availability of pendent jurisdiction, it approved exercise of the court's discretion not to assume jurisdiction— the usual result in this kind of case. *Compare* Moor v. County of Alameda, 411 U.S. 693, 710–717, 93 S.Ct. 1785, 1796–1799, 36 L.Ed.2d 596 (1973) (denying pendent jurisdiction); Patrum v. City of Greensburg, Kentucky, 419 F.2d 1300 (6th Cir. 1969), cert. denied, 397 U.S. 990, 90 S.Ct. 1125, 25 L.Ed.2d 398 (1970) (same); Fire v. City of Winner, 352 F.Supp. 925 (D.S.D.1972) (same) *with* Drake v. McGrath, et al., 70–C–1255 (Judd, J., E.D.N.Y.1973) (asserting pendent jurisdiction); Eidschun v. Pierce, 335 F.Supp. 603 (S.D.Iowa 1971) (same).

■ Unlike some other circuits, the Second Circuit takes a liberal position permitting joinder of additional parties in the exercise of pendent jurisdiction. *See, e. g.,* Astor-Honor, Inc. v. Grosset & Dunlap, Inc., 441 F.2d 627 (2d Cir. 1971); Leather's Best, Inc. v. S. S. Mormaclynx, 451 F.2d 800, 809 (2d Cir. 1971); Almenares v. Wyman, 453 F.2d 1075, 1083 (2d Cir. 1971), cert. denied, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 (1972); Aguayo v. Richardson, 473 F.2d 1090, 1102 (2d Cir. 1973); Note, Federal Pendent Subject Matter Jurisdiction—The Doctrine of United Mine Workers v. Gibbs Extended to Persons not Party to the Jurisdiction Conferring Claim, 73 Colum.L.Rev. 153 (1973). Where the original complaint was drawn without benefit of counsel the plaintiff should not be penalized because he seeks to add a defendant who would have been a proper party at the outset.

■■ The court would be inclined to exercise pendent jurisdiction in cases such as this. If the City is not joined plaintiff might bring an action in the state court and two trials of essentially the same cause would result in waste of time. Federal courts have a special obligation to provide effective civil rights remedies, including the avoidance of unnecessary multiple litigations.

Forcing a prisoner to try complaints separately in state and federal courts might substantially prejudice him. Juries, we judicially notice, are reluctant to grant damages against policemen or correctional officials. *See, e. g.,* Drake v. McGrath, et al., 70–C–1255 (E.D.N.Y. 1973) (verdict of $1.00 against each individual defendant). This attitude can easily spill over into determinations on the question of liability. If plaintiff is forced first to bring an action in the federal court against individuals only, factual determinations may be made that will have an adverse collateral estoppel effect in the state court. Pressing the case first in the state court against the City may cause adverse findings resulting from the loss of federal procedural advantages in discovery.

Unlike the situation where pendent jurisdiction is declined because of the lack of certainty about state law, there is no lack of New York authority on the matter. *Compare* Moor v. County of Alameda, 411 U.S. 693, 715–716, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973) where "dearth" of California authority on municipal liability in police cases was relied upon.

We are reluctant, however, to grant the motion adding the City since the state claim may be unenforceable because of an untimely notice of claim. Gen.Mun. Law § 50–e(5), McKinney's Consol.Laws, c. 23 (application for late filing must be made within one year of the accrual of the claim); New York City Administrative Code § 394a–1.0(c); Pascucci v. Nassau County, 8 Misc.2d 229, 165 N.Y.S.2d 797 (1957) (imprisonment does not excuse failure to file notice of claim); Manceri v. City of New York, 23 Misc.2d 94, 198 N.Y.S.2d 338 (1960)(same); *cf.* Crawford v. State, 37 A.D.2d 450, 326 N.Y.S.2d 449 (4th Dep't 1971) (state prisoner injured on prison grounds not required to file notice of in-

tention; claim filed within two years after release from prison timely).

The motion to join the City of New York as a party defendant is denied with leave to the plaintiff to renew upon a showing that a claim against the City of New York could be prosecuted in the state court.

So ordered.