■ RALPH R. HALL, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 64955.) — Appeal from an order of the Court of Claims (Blinder, J.), entered April 14, 1981, which denied claimant's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the claim for untimeliness. On November 25, 1980, claimant filed a notice of intention to file a claim for the loss of personal property he allegedly sustained when he was transferred from Greenhaven Correctional Facility to Clinton Correctional Facility. On January 5, 1981, claimant filed a complaint in regard to the same loss. Both the notice and the complaint alleged that "the cause of action arose on February 14, 1980". After the State had filed its answer, which contained an affirmative defense of late filing, claimant moved for summary judgment. The State cross-moved for dismissal on the ground of untimeliness. The Court of Claims denied claimant's motion and granted the State's motion, holding that the claim filed almost nine months after the alleged loss was untimely. In reply, claimant contended that he was not subject to the 90-day filing requirement provided in subdivision 3 of section 10 of the Court of Claims Act because he was under the legal disability of confinement in a State correctional institution. The reliance of claimant on *Crawford v State of New*

*York* (37 AD2d 450) in support of his contention is misplaced. Effective September 10, 1973, subdivision 2 of section 79 of the Civil Rights Law was amended to provide that "[a] sentence of imprisonment in a state correctional institution * * * shall not be deemed to suspend the right or capacity of any person so sentenced to commence and prosecute an action or proceeding in any court within this state". CPLR 208 was also amended to eliminate imprisonment as a ground for tolling the Statute of Limitations (*Kelly v State of New York,* 57 AD2d 320). Therefore, claimant was subject to the 90-day filing requirement, which, according to his own pleadings, began to run on February 14, 1980. Accordingly, the notice of intention to file a claim almost nine months thereafter was untimely and the Court of Claims was correct in granting the State's cross motion to dismiss the claim. Order affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.