Caroline K. Simon, J.
This is a claim for damages resulting from the alleged illegal imprisonment and excessive restriction under parole of the late Joseph Emanuel, the original claimant herein, who died on 'September 1, 1963. By order of this court dated February 26, 1964, and entered in the office of the Clerk on February 28, 1964, the deceased’s brother, Salvatore Emanuele, duly appointed as administrator, was substituted as claimant herein.
*136 At the commencement of the trial of the within claim, the defendant moved to dismiss the claim on the ground that the court lacked jurisdiction to entertain it because the claimant had failed to file his claim within the applicable statutory limitations period contained in subdivisions 3 and 5 of section 10 of the Court of Claims Act.
The facts in regard to defendant’s motion are not in dispute. On November 14, 1932 the decedent was sentenced by the Court of General Sessions for the crime of first degree manslaughter, as a second felony offender, for a definitive term of 25 years plus an additional term of 5 years as provided in section 1944 of the Penal Law. Joseph Emanuel was paroled on September 28, 1951. On September 16, 1957 he was declared a parole delinquent as of September 26, 1956 on .the basis of alleged parole violations and was returned to prison and ordered to be held for his full term.
By a petition dated May 12, 1959 the decedent applied to the Supreme Court, New York County, for a writ of habeas corpus, contending that his full maximum term had expired long before his alleged parole violations and that the Board of Parole had been without jurisdiction to order his reconfinement to prison as a parole violator.
A hearing on the writ was had at Special Term, Part II, of the Supreme Court, and on May 28, 1959 an order was entered sustaining the writ of habeas corpus and directing the discharge of Joseph Emanuel from prison. (People ex rel. Emanuel v. Silberglitt, 22 Misc 2d 393.)
An appeal was perfected from the order sustaining the writ, which order was unanimously affirmed by the Appellate Division, First Department (10 A D 2d 669) and a further appeal to the Court of Appeals was dismissed on procedural grounds (8 N Y 2d 1035) and an order of dismissal entered on October 6, 1960.
On December 30, 1960, decedent filed a verified notice of intention to file a claim reciting the order sustaining the writ and the afore-mentioned appellate proceedings and the fact that the decedent was claiming false imprisonment. Thereafter, on January 7, 1961, decedent filed a further verified document entitled amended notice of intention to file claim, wherein he set forth an additional claim for illegal restraint under parole, all of which was set forth in the decision of the Supreme Court sustaining his writ of habeas corpus, together with allegations of damages suffered thereby and the amount claimed. On September 11, 1961 a formal claim was filed incorporating the *137 allegations contained in the filed documents previously alluded to and making specific reference to them.
Subdivisions 3 and 5 of section 10 of the Court of Claims Act, when read together, provide that a claimant under a legal disability need not either file a claim or a notice of intention within 90 days after the accrual of such claim or move the court for permission to file a late claim within two years after the accrual thereof, if he has failed to file his notice of intention or claim within the afore-mentioned 90-day period, but is required only to file a claim within two years after his legal disability is removed. (Canizio v. State of New York, 8 Misc 2d 943, 945; Court of Claims Act, § 10, subd. 5.)
The court’s first task is to determine the date on which Joseph Emanuel’s legal disability was removed, since this date fixes the commencement of the running of the statutory two-year limitation period. Claimant urges that the removal of decedent’s disability did not occur until October 6, 1960, the date of entry of the order of dismissal by the Court of Appeals, and asks the court to accept that date rather than May 29, 1958, the conceded date of decedent’s physical release from prison. Claimant cogently argues that the decedent was under constructive restraint until all appellate procedures instituted by defendant to test the validity of the order sustaining his writ had been exhausted, since he faced possible reincarceration in the event that order on appeal be held to have been erroneously granted, and thus could not until that time know whether he had a meritorious cause of action.
Notwithstanding the logic and persuasiveness of this argument, the court is bound by the decision of the Court of Appeals in Dusenbury v. Keiley (85 N. Y. 383), a leading authority, where much the same argument was made and rejected by a unanimous Bench (pp. 387-388): “it is quite evident that since the February preceding * * * the present plaintiff had been wholly free from imprisonment, entirely at large, and in no manner restrained of his liberty. The original imprisonment, therefore, was certainly not continuous beyond the discharge which ended it * * * Dusenbury, by his appeal to the courts, prevented the threatened rearrest, and from the time of his first discharge he was never at all imprisoned or put under restraint.”
This decision has been recently cited with approval as standing for the proposition that ‘A cause of action for false imprisonment accrues the instant the imprisonment takes place and becomes complete the moment the detention ceases ”. (Dill v. County of Westchester, 4 A D 2d 779; to the same effect, *138 see Tierney v. State of New York, 266 App. Div. 434, affd. 292 N. Y. 523; Salerno v. Lansing, 269 App. Div. 810.) Thus claimant’s argument that the removal of disability must await exhaustion of appellate procedures is insufficient as a matter of law and must be disregarded.
This does not require dismissal of the instant action, however, since the original notice of intention and amended notice of intention, both of which were filed within two years of the date of decedent’s physical release from prison, may properly be deemed .to be equivalent to a formal claim so as to comply with the requirements of subdivision 5 of section 10 of the Court of Claims Act. As has been noted heretofore, these documents contain all the requisite elements essential to constitute a claim. Their technical nomenclature is not controlling; it is their substance that determines their effectiveness. A claimant who has a meritorious cause of action is not to be denied what, in fairness, is due him simply because his documentation is technically inaccurate, so long as the defendant is given reasonable notice of the nature of claimant’s damages and the time of their occurrence so as to enable it properly to prepare its defense.
The defendant may not claim surprise or deception, such that its rights may be said to have been prejudiced since it had full knowledge of all the facts from the date of the order sustaining the writ of habeas corpus, as is obvious from its prompt determination to seek appellate review of that order. Moreover, it is apparent that the subject of the instant motion was not deemed of sufficient importance to warrant a pretrial hearing, since the Attorney-General made no effort to move for dismissal during the two and one-half year period that has elapsed since the date of filing of a formal claim in this matter on September 11, 1961.
Under these circumstances, dismissal of the instant claim would be tantamount to a denial of justice to which the court cannot subscribe. Such conduct has already been the subject of judicial censure in the case of Chalmers & Son v. State of New York (271 App. Div. 699, affd. 297 N. Y. 690) and the court adopts the reasoning contained therein.
Defendant’s motion to dismiss for failure to file a timely claim must be and is denied.
In order to ensure that claimant’s interests will not be jeopardized by a technical error in denominating its claim, the claim filed September 11, 1961 is hereby deemed abandoned, and the court directs that the filed verified amended notice of intention to file claim shall be regarded as a verified claim filed on January 7, 1961. The court further directs claimant’s *139 counsel to file in the office of the Clerk of this court the requisite copies of a verified pleading pursuant to rule 11 of the rules of this court together with a statement that the filing thereof is pursuant to the order of this court incorporated in the court’s decision bearing today’s date.
Focusing attention on the merits of claimant’s suit, the court takes judicial notice of the decision of Mr. Justice Spectob sustaining the writ of habeas corpus, in which he determined that Joseph Emanuel had been unlawfully restrained for a total period of 6 years, 7 months and 22 days, consisting of unlawful restriction under parole computed to be 4 years, 11 months and 26 days in duration; and unlawful imprisonment computed to be 1 year, 7 months and 26 days in duration. That determination, made by a court of competent jurisdiction, subsequently affirmed by a unanimous Bench (10 A D 2d 669); and an appeal from that affirmance being dismissed (8 N Y 2d 1035), is res judicata and thus binding on this court. (Waterman v. State of New York, 207 Misc. 773, affd. 1 A D 2d 235, affd. 2 N Y 2d 803; to the same effect, see Williams v. State of New York, 8 Misc 2d 390, affd. 5 A D 2d 936.) There can be no doubt as to the finality of that determination since the affirmance by the Court of Appeals of the decision relied upon by the Supreme Court in sustaining the writ of habeas corpus (i.e., People ex rel. Vanilla v. Denno, 7 N Y 2d 29, affg. 8 A D 2d 745). The defendant may not now collaterally seek reconsideration of that decision. (See Williams v. State of New York, 5 A D 2d 936, 937, supra.)
The record fully justifies an award in claimant’s favor, and the court finds that he has sustained his burden of proof on the issue of defendant’s liability. Although it is true that the claimant was lawfully restrained by defendant’s prison authorities under his initial sentence, these authorities were required to examine by what authority they could hold him and for what period in determining the “ Compensation ” to be allotted the decedent while serving his term. Defendant must assume liability for the failure of its agents properly to discharge that function and must respond in damages. (Williams v. State of New York, supra.) An illegal imprisonment must be treated as a wrong from its very inception, and it matters not on what date knowledge of such illegality is acquired.
At the conclusion of claimant’s case, defendant moved to dismiss for lack of jurisdiction, which motion has been denied, and for failure to make out a prima facie case and for failure to preponderate on the issue of liability. Decision was reserved on these motions.
*140 In attempting to arrive at a fair evaluation of the damage suffered by the decedent directly attributable to the illegal restraint of his person as a parolee and for excessive detention under his original sentence, the court is confronted with the difficult task of evaluating necessarily intangible factors, particularly because of the death of the person upon whom the wrongful restraint was perpetrated. The decedent is entitled to be compensated for loss of earnings during his period of wrongful imprisonment and for reduced earnings due to his unlawful parole, bearing in mind that employment is likely to be neither as plentiful nor as lucrative for a parolee as it is for others. The decedent is also entitled to recover for loss of liberty and for the humiliation and indignity suffered as a result of his illegal restraint both in prison and under unlawful parole. As against these considerations, the court must also evaluate the conduct of the decedent on parole and his desire to remain at large and any prior convictions which would militate against a substantial award based on mental suffering and shame and degradation. (See Williams v. State of New York, supra; Hoffner v. State of New York, 207 Misc. 1070.)
Having carefully considered these factors, the court finds that Joseph Emanuel, from the time of his original release on parole, made a genuine effort to rehabilitate himself and was considered reliable and trustworthy by his then employer, a drugstore and realty operator, who testified that Mr. Emanuel was employed as a cashier and rental agent and was paid the sum of $50 per week from December of 1951 until he was returned to prison as a parole violator in September, 1957. The record reveals that Mr. Emanuel was released from his initial term of confinement on September 28, 1951 and was declared a parole delinquent on September 26, 1956, but was not apprehended until September 16, 1957. No evidence was introduced to establish the decedent’s earning capacity during the period commencing with his release from restraint on May 28, 1959, pursuant to court order, until June of 1963, on which date he was employed as a customer’s man for a building contractor for 12 weeks at salary of $100 per week. However, there was uncontradicted proof that upon his release from prison in the Spring of 1959, Mr. Emanuel attempted to regain the former job held by him prior to his recommitment, but that the job was not available. It was also established that he was being considered for a substantial raise in salary by his subsequent 1963 employer and that his employment was terminated solely by his death, and not because of any fault found with his work.
*141 However, certain other facts peculiar to this case compel the court to limit its award to the claimant herein. It is uncontroverted that Joseph Emanuel’s initial conviction as a second offender, and his incarceration based thereon, was lawful and valid. The initial confinement was thus the result of the deceased’s own wrongdoing and though the court considered mental anguish, shame and humiliation from wrongful imprisonment in making its award it also considered the legality of the conviction. The court recognizes that the decedent’s earning capacity was such as to justify an award which reflected an awareness of this fact. The court also considered that Joseph Emanuel is dead and leaves no wife or dependents who could be said to have suffered financially as a result of defendant’s wrongful acts. His brother, the claimant herein, has offered no proof of hardship or extenuating circumstances which require the court giving special consideration to him in fixing its award.
The court awards the claimant the sum of $6,000.
All motions to dismiss made by defendant previously alluded to, and on which decision was reserved, are hereby denied.