**GWENDOLYN QUAILEY and ERNEST QUAILEY, Plaintiffs**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 1975-672

District Court of the Virgin Islands

Div. of St. Croix

December 11, 1975

LEROY MERCER, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

JAMES N. VAN DAM, Assistant Attorney General, St. Thomas, V.I., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ernest and Gwendolyn Quailey have applied to this Court for permission to file a late claim against the Government of the Virgin Islands for injuries allegedly sustained by them at Cramer's Park, St. Croix, Virgin Islands on December 8, 1974. On that date, Mr. and Mrs. Quailey were sitting at a picnic bench at the public recreational facility when a parked car suddenly was set in motion and struck down and injured Mrs. Quailey. Mrs. Quailey is seeking damages of $25,000 for her injuries and her husband is also praying for $25,000.00 as compensation for the loss of his wife's "services and society".

In support of their application (which was filed along with the accompanying complaint on September 5, 1975), the plaintiffs have offered an affidavit by Mrs. Quailey asserting that the reason for *their* failure to present their claims within the statutorily prescribed ninety (90) day period was *Mrs. Quailey's* successive hospitalization, home confinement, and further hospitalization and treatment in New York.

Defendant Government of the Virgin Islands filed a general denial on September 11, 1975 which it subsequently amended on October 14th to include the additional defense of failure to state a claim upon which relief can be granted. Even though the Government has responded to plaintiffs' pleadings without first filing a motion or memorandum in opposition to plaintiffs' application for leave to file a late claim, I do not interpret its neglect as signifying acquiescence thereto. The defense of failure to strike a claim upon which relief can be granted may be made either by motion or by responsive pleading. Accordingly, I find that under the circumstances of the matter sub judice, the gravamen of this defense essentially goes to the timeliness of plaintiffs' filing. Thus, it could be considered as a Fed. R. Civ. P. 12(b)(6) motion to dismiss. More importantly, however, it is the Court and not the opposing party who must decide whether or not to grant permission to tardily file. Thus, the question of whether or not to grant plaintiffs' motion is squarely before the Court.

 Chapter 118 of Title 33 of the Virgin Islands Code reflects the local legislature's determination regarding the appropriate treatment of tort claims against the Virgin Islands Government or any of its executive agencies, departments, and other instrumentalities. Section 3408 thereunder is a waiver of sovereign immunity—albeit a conditional one dependent upon the claimant's strict compliance with other applicable provisions of the aforementioned chapter. One of these other provisions is 33 V.I.C. § 3409(c). That section explicitly provides that

a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim. . . .

It can be seen that this 90 day period effectively constitutes a rather short statute of limitations. As such, failure to bring suit within the prescribed period completely bars plaintiff from any recovery whatsoever.

Recognizing the harshness imposed by this requirement, the legislature included a "savings clause" within section 3409(c), the essence of which authorizes the District Court (in its sound discretion) to permit the otherwise non-complying claimant to file a claim at any time within two years after the accrual thereof *provided* the claimant establishes by affidavit that

(i) a reasonable excuse for the failure to file a notice of intention exists;

(ii) the Virgin Islands Government or its appropriate agency or department had actual knowledge of the facts constituting the claim prior to the expiration of the 90-day period; and

(iii) the Government of the Virgin Islands has not been substantially prejudiced by said failure of timely filing within the specified time period.

Accordingly, this is the three-pronged test against which I must measure the Quaileys' application.

◼ Looking at matters in the light most favorable to plaintiffs, I assume that Mrs. Quailey's affidavit attaches not only to her claim but also to her husband's as well. Even so, I can see no reason for granting Mr. Quailey's motion. There is no assertion that he was ever hospitalized, bed-ridden, or rendered dysfunctional by his wife's serious injuries. Nowhere can I find an averment that he continually stayed by his wife's side or accompanied her off-island. Certainly he had enough time to at least contact an attorney within the three-month period. Being unconvinced that Mr. Ernest Quailey has demonstrated a reasonable excuse for his failure to file a timely notice of intention, I must therefore deny him permission to file a late claim.

Mrs. Quailey's situation is much more difficult. Although she has neither demonstrated that the Government of the Virgin Islands acquired actual knowledge of the facts constituting the claim within the ninety day period nor that it would not be prejudiced by a late filing, I do not consider this to be controlling under the instant circumstances. Certainly, the Department of Public Safety must have a record of this one-car accident. Moreover, I fail to see how a six-month delay could prejudice the Government in its defense of this suit. The critical issue, therefore, boils down to whether or not Mrs. Gwendolyn Quailey has established a "reasonable excuse" for not complying with § 3409(c).

█ That there can be no question that the 90-day period was tolled during her period of hospitalization at Charles Harwood Memorial Hospital when she was seriously incapacitated is a conclusion which, I take it, is beyond challenge. Nevertheless, the thornier problem remains as to precisely when the statute of limitations began to run anew. I have no difficulty in fashioning an hypothetical situation in which a single woman is returned semi-conscious and under constant medical supervision to her telephone-less home, takes a serious turn for the worse, is rushed to a specialized hospital on the mainland, remains in a quasi-comatose state for several months and finally, after miraculous surgical procedures effectuate a breakthrough, is allowed to return home albeit confined to a wheelchair. Under such a set of facts, I would have no difficulty in holding that the statutory period did not start to run until several months after her return. The difficulty, however, is that these are not the circumstances here.

█ Mrs. Quailey has a husband. He was not injured in the accident nor is there any assertion that he was under legal incapacity during the period from December 8, 1974 to July 5, 1975—the date of Mrs. Quailey's return to St.

467

Croix. Neither is there any evidence of strained marital relations between the spouses. Certainly he could have contacted a lawyer in his wife's behalf during this time or at least written a letter to the Government indicating his intention to commence legal proceedings on account of the Cramer Park accident at some time in the future when the extent of his wife's injuries would be better known. Furthermore, there is no assertion that the Quaileys had no phone during this time or that Mrs. Quailey was unable to communicate with anyone on account of her injuries. Finally, there is no record of when Mrs. Quailey first contacted her attorney. If it were the case that she contacted her attorney immediately following her return to St. Croix, there would be no excuse for her attorney taking two full months to file his notice of intention. All things considered, I most regrettably must also deny Mrs. Gwendolyn Quailey's motion under the instant set of circumstances.

### ORDER

Accordingly, upon reading the affidavit of Mrs. Quailey and other papers presented in support of her and her husband's motion, and upon consideration of the proposed claims and notice of intention to file suit, it is

ORDERED that the Quaileys' Application For Leave To File Late Claim shall be and is hereby DENIED.