**FLORENCE CONNOR, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 704/1982

Territorial Court of the Virgin Islands
Div. of St. Thomas and St. John

December 12, 1983

FRANCIS E. JACKSON, JR., ESQ., St. Thomas, V.I., *for plaintiff*

LINDA RICHARDSON, ESQ., Assistant Attorney General, Government of the Virgin Islands (Department of Law), St. Thomas, V.I., *for defendant*

MEYERS, *Judge*

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Defendant Government of the Virgin Islands, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, has filed a motion to dismiss this tort claims action on the ground that plaintiff Connor has failed to comply with the procedural requirements of the Virgin Islands Tort Claims Act, 33 V.I.C. § 3408 et seq., thereby ousting this Court of subject matter jurisdiction. For the reasons set forth below, the defendant's motion to dismiss will be denied.

### II. FACTS

The plaintiff brought the instant tort action against the Government of the Virgin Islands for damages allegedly sustained in an accident on December 12, 1980, when her vehicle fell into a pothole on the Nadir Road, a public street in St. Thomas, Virgin Islands. Plaintiff sought immediate medical attention and her condition was diagnosed as "dropped foot"—a condition where the victim loses muscular control of her foot. As a consequence thereof, plaintiff was unable to work and was confined to her home, except for essential trips to her doctor. On February 2, 1981, while at home, as a result of her dropped foot condition, plaintiff tripped over herself and broke her leg. She was then transported to the Knud-Hansen Memorial Hospital where she remained hospitalized from February 2, 1981, through March 1, 1981. After being released from the hospital, plaintiff discussed her case with an attorney for the first time on March 3, 1981. Thereafter, on March 11, 1981, plaintiff's notice of intention to file a claim was mailed to the Office of the Governor. However, said notice of intention was not filed with the Office of the Governor until March 16, 1981. Plaintiff's complaint was subsequently filed with the Court on August 25, 1982, and service of the summons and complaint upon the Office of the Governor on August 30, 1982, and upon the Attorney General, the following day. The

administrative claim, however, was not filed with the Governor until December 13, 1982.

### III. DISCUSSION

In construing the procedural requirements of the Tort Claims Act, the District Court of the Virgin Islands (Christian, C.J.) stated that:

> [u]nder the terms of 33 V.I.C. § 3409, "no judgment shall be granted in favor" of an individual with a tort claim against the Government unless that claimant files an administrative claim within ninety days after the accrual of the claim. The formal claim is to be filed with the Office of the Governor and a copy is to be served upon the Attorney General. 33 V.I.C. § 3410. In the alternative, the claimant may file a "written notice of intention" with the Offices of the Governor and the Attorney General. By so doing, the claimant is thereby afforded two years from the date on which the claim had accrued to file the formal administrative claim.

Pickering v. Government of the Virgin Islands, 19 V.I. 271 (D.V.I. 1982).

In the instant case, the defendant has moved the Court for an order dismissing plaintiff's tort claim on the ground that she has failed to comply with the procedural requirements of the tort claims act. The plaintiff advances two arguments to resist the Government's motion. We shall deal with each of these arguments separately. Under her first argument, plaintiff contends that "her claim was timely filed inasmuch as her claim was mailed to the defendant on March 11, 1981." The fact that the defendant did not receive the notice of intention to file a claim until March 16, 1981, it is contended, "should not be construed against Plaintiff . . . [since] she made all reasonable efforts to file her claim within the time prescribed."

This argument is absolutely without merit. The Tort Claims Act, specifically §§ 3409(c) and 3410, requires the notice of intention to be filed in, not mailed to, the Office of the Governor within the prescribed statutory period, to wit: 90 days. Whether or not the plaintiff mailed said notice within the statutory period is immaterial to the time that it is actually filed. Here, there is no question that the plaintiff's claim arose on December 12, 1980, the date of the alleged accident; however, her notice of intention to file was not filed with the Office of the Governor until March 16, 1981, a

period more than ninety days after the accrual of the claim. Accordingly, plaintiff's complaint must be dismissed unless it falls within the special statutory exception of the Tort Claims Act. Quailey v. Government of the Virgin Islands, 12 V.I. 463 (D.V.I. 1975). However, before a claimant can seek refuge under the special statutory exception, i.e., § 3409(c), which authorizes the Court, in its discretion, to permit the filing of a late claim at any time within the two years after the accrual thereof, the claimant *must*, on motion, establish by affidavit that there is a reasonable excuse for failing to file a notice of intention within the prescribed period; that the Government or its appropriate agency or department had *actual* knowledge, within the ninety-day statutory period, of the facts constituting the claim; and that the Government has not been substantially prejudiced by the claimant's failure to file in a timely manner. Additionally, § 3409(c) requires the claimant to submit a proposed claim with the above application. Mercer v. Government of the Virgin Islands, 18 V.I. 171 (Terr. Ct. St. T. & St. J. 1982).

■ In the case sub judice, the plaintiff failed to submit a motion, affidavit, and proposed claim as required under 33 V.I.C. § 3409(c). Consequently, the Court is not in a position to exercise its discretionary power to authorize a late filing of the claim. Mercer, supra.

Plaintiff has, however, successfully resisted the Government's motion to dismiss by relying on Quailey, supra, and arguing, in the alternative, that her notice of intention to file a claim was timely filed "inasmuch as she was laboring under a legal disability of physical incapacity from February 7, 1981, through March 1, 1981."

■ In Quailey, supra, a case also involving a claim under the Tort Claims Act, the District Court of the Virgin Islands (Young, J.) held that the ninety-day filing period was tolled during the claimant's period of hospitalization. Id. at 467. Similarly, in the case sub judice, the ninety-day filing period should be tolled during plaintiff's period of hospitalization. It is evident from the plaintiff's medical records that she was hospitalized from February 7, 1981, through March 1, 1981, a period of twenty-two days. Hence, the ninety-day period did not begin to run anew until March 2, 1981, the day after the plaintiff's discharge from Knud-Hansen Memorial Hospital. Accordingly, plaintiff had an additional twenty-two days from March 1, 1981, within which to file her notice of intention. This she did as her notice of intention was filed with the Office of the Governor on March 16, 1983, a period substantially within the twenty-two day period.

104

■ Having determined, under plaintiff's alternative argument, that her notice of intention was timely filed, we now turn our attention to defendant Government's contention that plaintiff's administrative claim was not filed with the Office of the Governor within the prescribed two-year statutory period. Richards v. Government of the Virgin Islands, 10 V.I. 6 (D.V.I. 1973), makes it abundantly clear that the Tort Claims Act contemplates dual filing of the claim, to wit: one with the Court and the other with the Office of the Governor. Moreover, recent case law suggests that service of the complaint alone is insufficient to constitute the filing of an administrative claim under § 3409. Pickering, supra; Mercer, supra.

In the instant case, plaintiff filed her complaint with the Court on August 25, 1982. Service of the summons and complaint was effected upon the Governor on August 30, 1982, and upon the Attorney General, the following day. The administrative claim, however, was not filed with the Office of the Governor until December 13, 1982. In resisting the Government's motion to dismiss, plaintiff contends that since her cause of action arose on December 12, 1980, the date of the alleged accident, the statute of limitations did not begin to run until December 13, 1980, the day after the accident. Accordingly, plaintiff contends the filing of the administrative claim on December 13, 1982, is timely. The Court agrees.

■ However, even assuming arguendo, that the statute of limitations started to run on December 12, 1980, as the Government contends, a review of the 1982 calendar reveals that December 12, 1982, was a Sunday. Pursuant to Rule 6(a), Federal Rules of Civil Procedure, plaintiff had until December 13, 1982, to file her claim. This she did.

## ORDER

Based on the foregoing Memorandum Opinion, it is

ORDERED that defendant's motion to dismiss shall be and the same is hereby DENIED.