**AUBREY FRETT, LYNN DICKERSON and CLINTON DAVID,**
**Plaintiffs**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, et al.,**
**Defendants**

Civil No. 83-146

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 6, 1984

GEORGE H. HODGE, JR., ESQ., St. Thomas, V.I., *for plaintiffs*

GEORGE W. CANNON, JR., ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Before the Court are two motions filed in the instant case: 1) a motion captioned "Motion to allow Clinton David to remain as a

plaintiff in the above captioned complaint" and, 2) a motion to dismiss filed by defendant Government of the Virgin Islands.

This is a tort action against the Government of the Virgin Islands and others stemming from injuries allegedly suffered by plaintiffs while prisoners at the Golden Grove Correctional Facility on St. Croix. We shall treat plaintiff David's motion as a motion for permission to file a late claim pursuant to 33 V.I.C. § 3409(c), for it is apparent from the contents of the motion that this is the requested relief. Defendants' motion to dismiss is likewise based on 33 V.I.C. § 3409(c). Defendant argues that plaintiff David failed to comply with the procedural requirements of § 3409(c), in that plaintiff filed his notice of intention to file a claim some three weeks after the 90-day period set forth in that section.

According to the complaint, plaintiff David received multiple stab wounds on February 7, 1983. He remained on the critical list at the hospital for over a week. According to an affidavit of plaintiff David, after release from the hospital he was returned to the prison and remained "seriously ill for a few weeks." He was released from prison on June 3, 1983. A notice of intention to sue was served on the Government on June 1, 1983. Plaintiff David, therefore, was 24 days late in filing his notice of intention to sue.

■ Based on the affidavits submitted by plaintiff David and his counsel, we feel that he has demonstrated "reasonable excuse," within the meaning of 33 V.I.C. § 3409(c), for the failure to file the notice of intention within 90 days. A plaintiff should not be penalized for being 24 days late in filing where, as here, he was recovering from serious injuries for an extended period of time. In fact, this Court has held that hospitalization of a plaintiff tolls the 90-day period for the duration of plaintiff's stay in the hospital. Quailey v. Government of the Virgin Islands, 12 V.I. 463, 404 F.Supp. 1246 (D.V.I. 1975). While there is no indication of the exact duration of plaintiff David's hospitalization, it appears by affidavit that he remained "seriously ill" for several weeks after his release from the hospital. We are also mindful of the potential difficulties a prisoner can encounter in securing counsel while imprisoned.

■ It is also apparent from affidavits filed by plaintiff that the Government of the Virgin Islands had actual knowledge of the incident which lead to plaintiff David's injuries. Therefore, the defendants cannot claim to be prejudiced by the 24-day delay in filing by plaintiff.

507

The premises considered, and the Court being fully advised,

IT IS ORDERED that the motion of plaintiff David be, and the same is hereby, GRANTED;

IT IS ORDERED that the motion of defendant Government of the Virgin Islands be, and the same is hereby, DENIED; and

IT IS FURTHER ORDERED that plaintiffs' complaint herein shall be accepted as a claim within the meaning of 33 V.I.C. § 3409(c).