## IN RE CONSOLIDATED BUS CASES

Civil Nos. 83-8, 83-93, 83-99

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 23, 1984

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for plaintiffs Austin Parris and Wayne Parris*

LEONARD B. FRANCIS, ESQ., St. Thomas, V.I., *for plaintiff Lois Fleming*

WILLIAM HELLER, ESQ., St. Thomas, V.I., *for plaintiffs Dale Herbert and Ruthine Stapleton*

LINDA RICHARDSON, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant Government of the Virgin Islands*

ALBERT SHEEN, ESQ., Christiansted, St. Croix, V.I., *for defendants Manassah Bus Lines and Ivan Richardson*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

These consolidated cases are before the Court on motions of defendant Government of the Virgin Islands (Government) to dismiss the complaints in Nos. 83-93 and 83-99 and to reconsider this Court's order of June 30, 1983, in which we granted plaintiffs' motion to file a belated tort claim in No. 83-8. These motions present the questions of whether, under the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3401–3415 (the Tort Claims Act), a person must present a "reasonable excuse" in order to be granted leave to file a late claim, and whether a person under legal disability is excused from the requirement of the Tort Claims Act that a claim or notice of intention to file a claim be filed within ninety days after the accrual of the claim. Both questions require an interpretation of section 3409(c) of the Tort Claims Act, which states:

> (c) a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.
>
> A claimant who fails to file a claim or notice of intention, as provided in the foregoing subsections, within the time limited therein for filing the notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's

98

death. The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the facts constituting the claim. The claim proposed to be filed, containing all of the information set forth in section 3410 of this title, shall accompany such application. No such application shall be granted if the court shall find that the Government of the Virgin Islands has been substantially prejudiced by the failure of the claimant to file such notice of intention within the time limited therefor. But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.

None of the plaintiffs in the cases presently under consideration have filed a claim or notice of intention to file a claim within the 90-day period required by the act, nor have they offered any "reasonable excuse" for their failure to so file. Plaintiffs in Nos. 83-8 and 83-93 argue that the Virgin Islands patterned its Tort Claims Act after the New York Court of Claims Act, that New York case law construing the New York act is binding on the courts of the Virgin Islands, and that the courts of New York, in construing that act, do not require a showing of excusable delay in granting leave to file a claim out of time. Those plaintiffs also argue that the minor plaintiffs, because they are under a legal disability, are completely excused from the ninety-day limitations period and that they need only file their claims within two years after the removal of their disability. The defendant Government, of course, disagrees with plaintiffs' interpretations of the Tort Claims Act.

I

██ It is true that the Tort Claims Act is modeled in part from the New York Court of Claims Act, 29A Pt. 2 McKinney's Laws §§ 8-12. Dublin v. Virgin Islands Telephone Corp., 15 V.I. 214, 221 (Terr. Ct. 1978). Section 3409 of the Tort Claims Act in particular was patterned after § 10(1), (2), (3) and (5) of the New York Act. Id. at 222. It is also well settled in the Virgin Islands that

the language of the Virgin Islands statute which has been taken from the statutes of another jurisdiction is to be construed to mean what the highest court of the jurisdiction from which it was taken had, prior to its enactment in the Virgin Islands, construed it to mean.

99

Berkeley v. West Indies Enterprises, Inc., 10 V.I. 619, 625, 480 F.2d 1088, 1092 (3d Cir. 1973); see also Paiewonsky v. Paiewonsky, 8 V.I. 421, 446 F.2d 178 (3d Cir. 1971); Williams v. Downing, 4 V.I. 465, 318 F.2d 642 (3d Cir. 1963). However, decisions from such other jurisdiction made subsequently to the enactment of such a statute in the Virgin Islands are not controlling, but persuasive only. Cirino v. Hess Oil Virgin Islands Corp., 9 V.I. 518, 384 F.Supp. 621 (D.V.I. 1973).

The present Virgin Islands Tort Claims Act was adopted in 1971. Act No. 3128, 1971 Sess. Laws 366. As the New York Court of Claims Act existed at that time, demonstration of a "reasonable excuse" for late filing was mandatory. Turner v. State, 40 A.D.2d 923, 338 N.Y.S.2d 329 (N.Y. App. Div. 1972); Bommarito v. State, 35 A.D.2d 458, 317 N.Y.S.2d 581 (N.Y. App. Div. 1971); Crane v. State, 29 A.D.2d 1001, 289 N.Y.S.2d 521 (N.Y. App. Div. 1968).[1] As was stated in Bommarito, 317 N.Y.S.2d at 583:

> These requirements [for late filing] are set out in conjunctive form, and, therefore, a failure to satisfy any of these requirements is fatal . . . [u]nless the claimant is able to establish a reasonable excuse, a motion for permission to file a late claim should be denied.

Virgin Islands courts considering the question have come to the same conclusion. See, e.g., Mercer v. Government, 18 V.I. 171 (Terr. Ct. 1982) (Hodge, P.J.); Harley v. Government of the Virgin Islands, 18 V.I. 228 (Terr. Ct. 1982); V.I. Telephone Co. v. Government, 13 V.I. 405 (Terr. Ct. 1977).

Every New York case cited by the plaintiffs for the proposition that a "reasonable excuse" for filing a belated tort claim is not a mandatory requirement is a decision rendered after 1976. In 1976, the New York Court of Claims Act was amended and liberalized, so that, under the amended act, demonstration of "reasonable excuse" for late filing of a tort claim was not an absolute requirement, but only one of several factors to be taken into account by a court considering whether to grant leave to file a late claim. Kelly v. State, 57 A.D.2d 320, 395 N.Y.S.2d 311 (N.Y. App. Div. 1977). The cases cited by plaintiffs are, therefore, inapposite.

---

[1] While the Court in Berkeley stated that the language of a Virgin Islands statute which has been taken from another jurisdiction to be construed as the *highest court* of that other jurisdiction construes it, we necessarily understand that to mean the highest court of that other jurisdiction *to have addressed the issue.*

■ From the foregoing, we conclude that the Virgin Islands Tort Claims Act, like the New York Court of Claims Act as it existed at the time the Virgin Islands act was adopted, makes it mandatory that a person seeking to file a belated tort claim demonstrate a "reasonable excuse" for not having timely filed.

## II

The minor plaintiffs argue that they are under a legal disability as defined in 5 V.I.C. § 36(a)(1). That section, they urge, in combination with the last sentence of section 3409(c) of the Tort Claims Act, excuses them from the requirement of filing a claim or notice of intention to file a claim within ninety days. The Government argues that the case of In Re Steele, 9 V.I. 332 (D.V.I. 1973) is controlling in this situation.

■ In Steele, the Court held that the last sentence of section 3409(c) tolls only the two-year period for filing by leave of court and that it in no way relieves a claimant under legal disability from the requirement of filing a claim or notice of intention within ninety days. We find In Re Steele to be unpersuasive and decline to follow its lead. Moreover, we find that decision in direct conflict with cases which are binding upon this Court under the rule announced in Berkeley, supra, 10 V.I. 619, 480 F.2d 1088, and Paiewonsky, supra, 8 V.I. 421, 446 F.2d 178. The final sentence of section 3409(c) relating to disability is identical to the disability provision in the New York Court of Claims Act. The New York courts have consistently interpreted this provision to relieve a claimant under legal disability of the requirement of filing a claim or notice of intention within ninety days, Boland v. State, 30 N.Y.2d 377, 333 N.Y.S.2d 410 (N.Y. 1972); Weber v. State, 267 A.D. 325, 45 N.Y.S.2d 834 (N.Y. App. Div. 1944); Emanuele v. State, 43 Misc.2d 135, 250 N.Y.S.2d 361 (N.Y. Ct. Cl. 1964); Danna v. State, 207 Misc. 505, 139 N.Y.S.2d 585 (N.Y. Ct. Cl. 1955); and to allow such a claimant to file his claim within two years after removal of the disability. Boland, supra; Emanuele, supra; Danna, supra. As was stated in Weber, 45 N.Y.S.2d at 836,

> It is urged by the State that this last quoted sentence does not eliminate the necessity of a claimant filing the notice of intention within 90 days as mentioned in Sec. 10, subd. 3. We find no reason for such an interpretation of the Statute. To say that although a claimant was under legal disability, he still had to file a notice of intention within 90 days after the accident would

be to read something into the statute which is not there and which would make it entirely meaningless. A tort claimant who is not under legal disability, or has no reasonable excuse for failure, must file his claim within 90 days. He may avoid this only by filing a notice of intention within that period in which event his time to file the claim itself is extended to two years after the accrual of the claim. But a claimant who is under legal disability is compelled only to present his claim within two years after the disability is removed. Infancy, along with incompetency, habitual drunkenness, and the like are legal disabilities. Surely, it cannot be that the Legislature intended that an incompetent or an infant, who has two years after the removal of his disability within which to present a claim, must nevertheless file a notice of intention within 90 days after the accident and within a period during which such legal disability exists. That would be wholly unreasonable.

We consider the interpretation of the New York courts on this issue to be sound and, in any event, binding upon this Court.

### III

The Government has also moved to dismiss the complaint in No. 83-99, arguing that plaintiff therein never filed the administrative "claim" with the Office of the Governor as required by section 3410 of the Tort Claims Act.

 The requirement of filing the administrative claim under the Tort Claims Act is in addition to, rather than in lieu of, filing a lawsuit in Court. Pickering v. Government of the Virgin Islands, 19 V.I. 271 (D.V.I. 1982); Richards v. Government, 10 V.I. 6, 8 (D.V.I. 1973). Plaintiff did not, nor was she required to, allege compliance with the Tort Claims Act's administrative procedures in her complaint. Henry v. Government of the Virgin Islands, 10 V.I. 227 (D.V.I. 1973). Therefore, the Government, in seeking to have a complaint dismissed for failure to comply with the administrative procedures, bears the burden of so demonstrating. In the instant case, the Government has done no more to meet this burden than to assert in its memorandum in support of its motion to dismiss, that an administrative claim was never filed. There are no supporting affidavits or other documentation to substantiate that allegation. In these circumstances, we must deny the motion to dismiss.

## IV

Because of our conclusions reached herein, the complaints of plaintiffs Austin Parris and Ruthine Stapleton against defendant Government of the Virgin Islands will be dismissed without prejudice. The motion of the Government to dismiss as to the minor plaintiffs will be denied.

## ORDER

The premises considered, and the Court being fully advised,

IT IS ORDERED that the motion of defendant Government of the Virgin Islands to reconsider this Court's order of June 8, 1983, in Civil No. 83-8, be and the same is hereby, GRANTED IN PART and DENIED IN PART, as hereinabove set forth;

IT IS FURTHER ORDERED that the motion of defendant Government of the Virgin Islands to dismiss in Civil No. 83-93 be, and the same is hereby, GRANTED IN PART and DENIED IN PART, as hereinabove set forth;

IT IS FURTHER ORDERED that the motion of defendant Government of the Virgin Islands to dismiss in Civil No. 83-99 be, and the same is hereby, DENIED; and

IT IS FURTHER ORDERED that the complaints of plaintiffs Austin Parris and Ruthine Stapleton against defendant Government of the Virgin Islands be, and the same is hereby, DISMISSED WITHOUT PREJUDICE.