Rosa DELGADO, Appellant,

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.

No. 2000–173.

District Court, Virgin Islands, Appellate Division. St. Thomas Division,

March 30, 2001.

Francis E. Jackson, Jr., St. Thomas, VI, for Appellant.

Paul J. Paquin, Assistant Attorney General, St. Thomas, VI, for Appellee.

RAYMOND L. FINCH, Chief Judge of the District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and PATRICIA D. STEELE, Judge of the Territorial Court of the Virgin Islands, Division of St. Croix, Sitting by Designation.

## OPINION OF THE COURT

PER CURIAM.

At issue in this appeal is whether the trial court judge abused his discretion when he granted the government's motion to dismiss appellant's tort claim against it and denied the appellant's motion for permission to file a late claim pursuant to V.I. CODE ANN. tit. 33, § 3409(c). Finding that the trial court judge did not abuse his discretion, we will uphold the Territorial Court's denial of appellant's request to file a late claim and dismissal of the case for lack of jurisdiction.

## I. FACTUAL AND LEGAL BACKGROUND

On August 5, 1997, Rosa Delgado ["appellant" or "Delgado"], stepped into a hole while walking at night on a public sidewalk, which caused her to fall and sustain bodily injury. The hole allegedly resulted from the sidewalk caving in around a manhole. Delgado was treated that same day and released from Roy L. Schneider Hospital in St. Thomas.

Within one week of the incident, Delgado called the Department of Public Works and informed an employee of the hole. She waited, however, until November 5, 1997 to file a notice of intention to file a claim with the Office of the Governor and the Office of the Attorney General. On August 19, 1998, Delgado filed her complaint in the Territorial Court. She amended her complaint on November 24, 1998, changing the date of the injury from August 25th to August 5th.

On December 13, 1999, the government moved to dismiss the case, claiming that Delgado had filed her notice of intention to file a claim out of time. Delgado opposed the motion and, in the alternative, moved the court for permission to file a late claim pursuant to 33 V.I.C. § 3409(c). Delgado conceded that she had filed her notice of intention outside the ninety-day statutory limitation, but argued that the trial court judge should exercise his discretion to extend the time limitation.[1] The trial court denied Delgado's motion and dismissed the case. Delgado appeals this decision.

1. Ninety-two days elapsed between August 5, 1997, the date on which the claim arose, and November 5, 1997, the date on which Delgado filed her notice of intention to file a claim.

## II. JURISDICTION AND STANDARD OF REVIEW

■ This Court has jurisdiction to review final judgments and orders of the Territorial Court in civil cases. *See* 4 V.I.C. § 33.[2] We exercise plenary review over the trial court's construction of a statute. *See Parrott v. Government of the Virgin Islands,* 56 F.Supp.2d 593, 594 (D.V.I.1999). The trial court's statutory exercise of discretion, however, is reviewed for abuse of that discretion. *See Daniel v. Government of the Virgin Islands,* 30 V.I. 134, 136, 1994 WL 392236 (D.V.I.1994).

## III. DISCUSSION

The parties agree that Delgado filed her notice of intention to file a claim outside the ninety-day statutory limitation provided under 33 V.I.C. § 3409(c). Delgado argues only that the trial court abused its discretion by not granting her motion for

permission to file a late claim. We find, however, that the trial court judge applied the correct legal standard to appellant's request to file a late claim and acted within his discretion when he denied the request based on Delgado's failure to articulate a "reasonable excuse" for filing a late claim.

### A. Appellant Must Show She Had a Reasonable Excuse for Not Filing within the Ninety–Day Statutory Time Limitation.

■ Section 3409(c) of the Virgin Islands Tort Claims Act ("Tort Claims Act"),[3] 33 V.I.C. §§ 3408–3414, requires a tort claim against the government or notice of intention to file a claim to be filed within ninety days of the accrual of the claim.[4] If the claimant fails to file within the requisite ninety days, section 3409(c) grants the court discretion to allow a claimant two years in which to file a claim,

**2.** *See also* section 23A of the Revised Organic Act of 1954.

**3.** Section 3409(c) provides in relevant part:

No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:

. . . . .

(c) a claim to recover damages ... for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee, *shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor,* in which event the claim shall be filed within two years after the accrual of such claim.

A claimant who fails to file a claim or notice of intention, as provided in the foregoing subsections, within the time limited therein for filing the notice of intention, *may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof,* or in the case of a claim for wrongful death within two years after the decedent's

death. The application for such permission shall be made upon motion based upon affidavits showing a *reasonable excuse* for the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, *actual knowledge* of the facts constituting the claim. The claim proposed to be filed, containing all of the information set forth in section 3410 of this title, shall accompany such application. No such application shall be granted if the court shall find that the Government of the Virgin Islands has been *substantially prejudiced* by the failure of the claimant to file such notice of intention within the time limited therefor. But if the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed.

(Emphasis added.)

**4.** For a discussion on the origins of the Tort Claims Act, see In re *Consolidated Cases,* 21 V.I. 96 (D.V.I.1984). For an analysis and historical discussion of the Tort Claims Act, see *Mercer v. Government of the Virgin Islands,* 18 V.I. 171 (Terr.Ct.1982).

provided all the following conditions are met:

    (1) the claimant establishes by affidavit a reasonable excuse for the failure to file a notice of intention;

    (2) the claimant establishes by affidavit that the Virgin Islands government or its appropriate agency or department had actual knowledge of the facts constituting the claim prior to the expiration of the 90–day period; and

    (3) the court finds that the government has not been substantially prejudiced by said failure of timely filing within the specified time period.

*See Daniel* at 137, 1994 WL 392236. The parties' dispute centers around the first of these conditions, whether Delgado provided a reasonable excuse for her failure to timely file the notice of intention to file a claim. The trial court properly construed section 3409(c) as requiring, *inter alia,* that a claimant demonstrate a "reasonable excuse" before a judge may grant her request to file late. *See* In re *Consolidated Cases,* 21 V.I. 96, 101 (D.V.I.1984) ("[W]e conclude that the Virgin Islands Tort Claims Act ... makes it mandatory that a person seeking to file a belated tort claim demonstrate a 'reasonable excuse' for not having timely filed."). Accordingly, we find the trial court's construction of the statute to be proper.

**B. Delgado Failed to Articulate a Reasonable Excuse for Late Filing under the Tort Claims Act.**

Delgado asserts that the three requirements of section 3409(c) are satisfied in this case, and therefore the trial court judge abused his discretion by denying her motion for permission to file a late claim. The government responds that the affida-

vit filed by appellant with her motion did not demonstrate a reasonable excuse for her failure to file her notice of intention within the ninety-day statutory period.[5] The trial court sided with the government's argument, as do we.

The affidavit accompanying Delgado's motion contains the following excuse for her late filing: "After my release from the hospital, I was rendered bed ridden for three (3) or four (4) days and was not able to leave my apartment for one (1) week." (App. of Appellant at 41 (Aff. of Rosa Delgado).) The trial court noted its dissatisfaction with her excuse as follows:

    Plaintiff Delgado has offered an affidavit recapitulating her injury, treatment, lack of mobility and contact with the Department of Public Works to report the hole and incident. However, Plaintiff provides no explanation or reasonable excuse for her failure to timely file the notice of intention to file a claim with the Governor.

(*Id.* at 47 (Mem. Op. of Aug. 2, 2000).)

Delgado argues in her brief that the ninety-day statutory time limitation should have been tolled for the period of her recuperation. The cases on which she relies, however, suggest the opposite conclusion in this case. In *Quailey v. Government of the Virgin Islands,* 12 V.I. 463, 404 F.Supp. 1246 (D.Vi.1975), this Court, acting as a trial court, denied a couple's request for permission to file a late claim against the government, despite "Mrs. Quailey's successive hospitalization, home confinement, and further hospitalization and treatment in New York." *See id.,* 12 V.I. at 464, 404 F.Supp. at 1247. While finding that "there can be no question that the 90 day period was tolled [with respect to her request] during her period of hospi-

---

5.  Since the only issue in dispute is whether Delgado demonstrated a reasonable excuse in her affidavit, we do not discuss the other two requirements, actual notice and no substantial prejudice to the government.

talization ... when she was *seriously incapacitated,*" the Court refused to extend the tolling to include the period Mrs. Quailey spent at home recuperating, since there was "no assertion that the Quaileys had no phone during this time or that Mrs. Quailey was unable to communicate with anyone on account of her injuries." *See id.,* 12 V.I. at 468, 404 F.Supp. at 1248–49 (emphasis added).

■ By contrast, in *Frett v. Government of the Virgin Islands,* 20 V.I. 506, 1984 WL 30 (D.V.I.1984), one of the plaintiffs, Clinton David, who suffered multiple stab wounds while incarcerated at a government facility and was hospitalized in critical condition for over a week and thereafter "remained 'seriously ill for a few weeks,'" sought permission to file his complaint twenty-four days late. *See id.* at 507, 1984 WL 30 (quoting plaintiff's affidavit). The Court, finding that he had demonstrated a reasonable excuse within the meaning of 33 V.I.C. § 3409(c), since "[a] plaintiff should not be penalized for being 24 days late in filing where, as here, he was recovering from *serious injuries* for an extended period of time," allowed the late filing. *See id.* (emphasis added) (citing *Quailey, supra* ). *Quailey* and *Frett* together stand for the proposition that a serious injury that interferes with a claimant's ability to communicate with an attorney or otherwise take action on her claim constitutes a "reasonable excuse" under section 3409(c), and therefore it is a proper exercise of a court's discretion to toll the ninety-day limitation to the extent of the interference. Where the injury is less serious, however, it is not an abuse of discretion for a court to find that the injury did not constitute a "reasonable excuse" warranting a late filing.

■ In the case *sub judice,* appellant Delgado was hospitalized and released the same day. Although she claimed in her affidavit that she "was rendered bed ridden for three (3) or four (4) days and was not able to leave my apartment for one (1) week," (App. of Appellant at 41 (Aff. of Rosa Delgado)) she did not claim that her injuries were serious enough to impair her ability to communicate with an attorney or that any other factor in association with being bedridden, such as having no telephone, delayed her from contacting an attorney. *See Quailey,* 12 V.I. at 468, 404 F.Supp. at 1249 (considering Quaileys' failure to assert lack of phone or inability to communicate on account of injuries); *Frett* at 507, 1984 WL 30 ("We are also mindful of the potential difficulties a prisoner can have in securing counsel while imprisoned."). Delgado's asserted injuries, a broken wrist and a sprained ankle, are not the sort of "serious" injuries present in *Quailey* and *Frett,* and would not seem to prevent her from pursuing her claim at any time during the ninety days. Indeed, she was able to call the Department of Public Works within a week after her fall to report the incident. (*See* App. of Appellant at 41 (Aff. of Rosa Delgado) ("Approximately one (1) week after my fall, I called the Department of Public Works to complain about the hole in the sidewalk and how it caused the injuries to me.").) For these reasons, we cannot find that the trial court abused its discretion when it determined that Delgado failed to provide a reasonable excuse for her delay.

The trial court acted well within its discretion in denying Delgado permission to file a late claim and in dismissing her complaint as time-barred.

## IV. CONCLUSION

The trial court did not abuse its discretion when it denied appellant's motion for permission to file a late claim pursuant to 33 V.I.C. § 3409(c) and granted the government's motion to dismiss the complaint

for lack of jurisdiction. An appropriate order of even date follows.

### ORDER OF THE COURT

**AND NOW, this 30th day of March, 2001,** having carefully considered the parties' submissions, and for the reasons set forth in the accompanying Opinion of even date, it is hereby

**ORDERED** that the decision of the Territorial Court in this matter is **AFFIRMED.**